Chief Justice Robertson
delivered the Opinion of the Court.
On the 9th of November, 1812, Thomas Prather having filed in the Jefferson Circuit Court, then in session, a paper purporting to be a notice—undated and unserved— of a contemplated motion by him, against the heirs of William Sullivan, deceased, for a judgment in that Court, on the 13th day, then to come, of that term, for money which, as recited, he had paid as one of Sullivan’s sureties—-the Court, thereupon, and on the same day, appointed James Ferguson guardian ad litem for all of the heirs excepting the wife of James W. Denny. Afterwards, on the 23d of the same month—which, as we presume, was understood to be the 13th day of the term—a copy of the notice was filed by Prather’s counsel, endorsed with an acknowledgment by Ferguson, of service, on the 9th of the month, on himself as guardian ad litem, and with a certificate, also, of proof of service on J. W. Denny, on the 10th of the month; and thereupon, as the record states, Denny and wife having made default, and the other heirs appearing, b.y Ferguson as their guardian, and Prather having '■filed and proved legal notice” of his nip-, tion, and exhibited evidence of his alleged payment, as surety—judgment was rendered against all of the heirs, for one hundred and seventy dollars and five cents, with accruing interest, and also for costs.
In virtue of a fieri facias on that judgment (as appears from the execution boolj and from the recitals in a deed from the sheriff to Denny,) a twenty acre lot of ground, then near Louisville, now within the city limits, was sold at auction, ‘‘for the amount of the execution,”to J. W. Denny-r-“ke having been the highest bidder
Decisions of the circuit court—reaped here.
The judg't of a court of competent jvrw^icyyiU tho’ erVcmeoi^ ss binding until it is reversed, &. is sufficient tp up, hold a sale of property, to satisfy the judg't. And held, that, after 20 years possession under such a sale, the ex’on book and the recitals in the sheriff’s deed are sufficient evidence, prima fa cif ijfa valid sale.
In 1813, Denny sold and conveyed the same ground to John Gwathmey, for twelve hundred dollars; and, in 1814, Gwathmey, for the consideration of three thousand dollars, sold and conveyed it to John Bustard, who has since enjoyed the exclusive possession or it, without disturbance, until August, 1833; when Rebecca J. Tyler, then a widow, and the only surviving heir of William Sullivan—all the others having previously died, childless and intestate—brought a writ of right against him, for the entire lot; which suit, she having shortly afterwards intermarried with Guerdon Gates, was prosecuted by Gates and wife, who finally obtained a judg. ment for the lot: to reverse which, Bustard has appealed to this Court.
On the trial, the Court instructed the jury, that the sale and conveyance by the sheriff had vested no title in Denyiy; and refused to instruct them that, however erroneous Prather's judgment might have been, it was not void, but valid, and coidd not be collaterally questioned; and also refused to admit parol evidence intended by the demandants, to prove that the infant heirs of Sullivan, for whom Ferguson was appointed guardian at litem, were not in Kentucky when Prather’s motion was first instituted, nor until after his judgment had been obtained.
These decisions by the Circuit Judge, present the points which this Court is to consider and determine. ■
First. The instruction which was given cannot, in the opinion of this Court, be sustained, if the Court, which rendered the judgment in favor of Prather, had jurisdiction over the case, as it is exhibited by the record of it here. For, if that Court had jurisdiction, its judgment was bjndipg as long as it remained unreversed; and, therefore, it authorized a sale of the lot, by execution, for enforcing satisfaction; and, after such a long lapse of time and such long continued enjoyment under the sheriff’s sale, the execution book and the recitals in his deed to Denny, were sufficient evidence of a sale under execution on the judgment, and of such a sale as was not void, but which passed the title—the contrary ■ppt appearing,.
The motion and judgment were a* gainst the Heirs Only, vi ben they were only hablé (by statute^joint Jy with the personal representative: held, that,as the coúr had jurisdiction offhd subject matter,the judg’t was not void.-
A guardian ad litem was appointed before service of the notice (quasi pioc'ess,) hiit as he appeared,- and Was recognized as guardian, the irregularity did not affect the jurisdiction.-
Judg’t by me* tion, in less than ten days from the service of the no-* tice; is pfema* ture and errtf* neons—but Vtd void;
It is essentlaf fe the validity of a judg’t upon a motion, that the record should show that the defendants had no'tice of the proceeding— actual or constructive. But th'eservice of the notice may be unofficial, arid such service may be proved viva voce; and if the record states that there was proof of legal notice; Or an appear-* unce, it may be sufficient as to jurisdiction. And—
Though there may be a notice in the record, without any indorsement of service upon-it, or one that shows service on part only of the (left’s, that does not authorize the conclusion, that there was not a legal service upon all, when the.record states that there was. Arid— Every presumption in favor of the judgment, is strengthened by lapse of time.
■ As the Circuit Court had jurisdiction over the subject matter—the fact that the heirs alone, who were not expressly bound, and were therefore liable only in a joint proceeding against themselves and their ancestor's personal representative, were proceeded against without being joined with such representative, and without any assigned reason for the omission, did not affect the jurisdiction of the Court, but at the utmost, only shows that the judgment was erroneous on the ground that; although the heirs were liable under a statute of this state, they were not, as adjudged, solely liable;
Nor, although, as has been argued and may be.presumed, the guardian ad litem was appointed prior to any actual service of notice, does that fact affect the question of jurisdiction; because, Waiving other considerations, the subsequent ratification of the appointment, by permitting Ferguson to appear and thus recognizing him as the appointed guardian, was a virtual appoint* ment then de novo, or nunc pro tune.
Nor is it material to the question of jurisdiction,- whether there had beeii ten days notice of the motion when the judgment was rendered: if the record does not show, that the notice had been served as long as ten days; or that there had been a waiver by appearance, the judgment may have been premature, and therefore erroneous; but not, for that reason alone, Void.
Then, according to the record, the Circuit Court had jurisdiction, and its judgment was, therefore, not Void, unless the heirs had, in fact, no notice, and unless; also, actual notice, either to all or some of them; was indispensable to the' jurisdiction.
Waiving, for the present, the appearance by the guardian ad litem for the infants, and conceding that; in such a proceeding, the record should, in some way, show that the heirs had been, either actually or constructively, before the Circuit Court, we are, nevertheless, of the opin *432 ion that it exhibits enough to prevent the Court from deciding, that the judgment is void for want of jurisdiction in the Court that rendered it.
If it be admitted that, the notice in writing, substituted by our statute for the writ in a common law action, should be deemed', as we are disposed to consider it, an essem tiál part of the record of a proceeding of which it is the basis—still; as there may be an unofficial service of such a notice, and as, consequently, such a service, or an acknowledgment of service, may be proved in court viva voce, or in other modes, without any indorsement on the notice itself, it is not indispensable thnfthe record—being that of a proceeding at law—should exhibit all the facts which may be necessary to prove, that there had been an actual and sufficient citation; but it must, so far as the question of jurisdiction may be involved, be deemed satisfactory if'it slate, either that there had been an appearance, or proof of legal notice, Then, had there been no indorsement on the only notice exhibited in this record, as the Circuit Court declared, in effect, on its order book, that there had been proof of legal notice, this Court could not decide that there had, in fact, been no proof, but should presume that the record is true* And though the notice, as exhibited, shows an indorsement of proof of service on Denny, and of acknowledgment by Ferguson as guardian; yet, as that alone was insufficient proof of actual service on the infants, and was no evidence whatever of any notice to Mrs* Denny, it is not necessarily inconsistent with the declaration, that there had been proof of legal notice, and that, of course, there had been some other proof, either oral, and therefore not committed to record, or written, and, either not filed, or if filed, since mislaid or lost. “Filed and proved legal notice” does not import that the proof of service had been filed, but literally means only that Prather filed the notice, and proved the service thereof; and that interpretation, arising from the language of the record, is fortified by the lapse of time, and long and undisturbed possession under the judgment, and by the fact, that the indorsement on the notice, which was filed, was insufficient proof of actual service on, or acknowledgment by, the *433 infants; and contained, not even the semblance of proof-of notice to Mrs. Denny. Then, the record being true, we infer that there was some extraneous evidence of service on Mrs. Denny, and probably on the other heirs.
Ih the absence of any recital in the record as to proof of notice, the judicial presumption is, that the indorsements upon the notice filed; show bow fitr it was served* But where the record recites that there was proof of notice, (whichmayhave been oral,) and nothing appears to the contrary, the presumption is, that there was legal proof of d sufficient service*
might deem it A Court óf Aj)*> peals, revising a judg’t upon a motion,requiring notice, and finding a recital in the record, that service of thenotice was proved, might deem necessary to examine the proof, and see that the recital was a correct conclusion of law from tile proof; and if the proof was not found in the record, the judg’t might possibly be reversed for want of it: yet the recital in the record (which could not be contradicted) would establish the fact, that there was some proof of service, and thus show that there was no want of jurisdiction for want of notice to the defendants; and where the judgment comes in collaterally, as evidence in another cause, and no want of jurisdiction appears, mere errors in the prd ceedings are not regarded; the judgment, unreversed, must be deemed valid and effectual*
Moreover; had there been no other proof of service than that certified on the notice filed, the language of the Court is delusivé and inappropriate;' It should have been, and probably would have been, not that Prather filed and proved legal notice, but that he filed a notice with a certificate of service indorsed thereon.
Piad the record not recited the fact, that there had been proof of legal notice, or were this Court bound to infer, that there had been no other evidence of notice than that filed; we Should not be allowed judicially to presume from the record, that there had been any other service than that established by the indorsement on the paper filed.
But, as the record states that, there had been proof of legal notice, without identifying or referring to the kind of proof, and as* in such a proceeding, there might have been extraneous* and even oral, proof of service, which may not appear on the record*—presuming, as this Court should, unless the contrary had appeared, that the Circuit Judge knew what legal notice was* and what also was sufficient proof of such a notice, we do not feel authorized to decide, that there was no extrinsic evidence of notice, and thus, without facts necessarily irreconcilable with the recital that there had been proof of legal notice, falsify the cleat' and express import of the record.
As the declaration that the notice had been proved, Was but a deduction by the Court, and no facts authorizing such a conclusion, have been exhibited in the record, the judgment, on that ground, might possibly be deemed to have been erroneous and reversible; because, on a revision of it by this Court, it might perhaps be *434 deemed proper, that facts respecting such a matter should appear, so as to enable the revising tribunal to determine for itself, from all the facts, whether the deduction ky the Circuit Judge was right or wrong. But we might-decide that it was erroneous to render the judgment without stating facts sufficient to show, that the deduction by the' Circfciit Judge, was that of the law, whilst, at the same time, we shobld not decide that there had been no fads, and that therefore the Judge had certified a falsehood. The record, if true, shows that the Circuit Court had jurisdiction; but, as the facts, without the deduction, would have been more judicial and Satisfactory, than the deduction without the facts, and as, therefore, notwithstanding all that the record contains, the conclusion of the Circuit Judge, as to the effect of the evidence of service, may have been unauthorized by the? facts which were presented to hi my perhaps his filial judgment might have been reversed; not, however, because it appeared that he had not jurisdiction, but only because, notwithstanding every fact the record exhibits, he may not have had jurisdiction, and may, therefore# have erred in deciding that there had been such proof of service as to authorize the judgment. But whether, for that cause, such a judgment in such a proceeding, should be reversed, it is not material how to decide. The affirmative recital in the record, is conclusive as to the fact that there had been some evidence of a legal notification. That fact being, as it must be, accredited by this Court;- we-are not now permitted to decide', that the Circuit Court had not jurisdiction. Even in a direct proceeding for reversing the judgment, the only judicial question respecting notice, would be—not whether' there had been any evidence of service; for the record, Which cannot be contradicted, says there was; nob whether there had been ahy other evidence than that included in the record—but simply whether the record exhibits sufficient proof of legal notice. And, as a revising Court could not adjudicate on any other facts than such as the record exhibits, it could not decide that those ichick appeared in the Court bdow, were insufficient, unless it was bound to presume that, there had been none except those *435 ■which had been spread on the record. And therefore, although it might decide that, according to the facts in the record, the Circuit Court erred, it could not judicially determine that the recital in the record is false, and that the judgment was void, and therefore, not only that it was no bar to another suit for the same original demand, hut that any ministerial officer who may have executed it was a sheer trespasser.
The,general r.u,J,e._ is, that- a court" has no jurisdiction to render a jiidg’t against a party, who had had no notice Whatever of the proceeding; But there are eased where a construe. live notice, that., is no notice at^ all, in fact, isT sufficient;
As long as that judgment remains unreversed., it is. apparently valid. The record of it does not show any apparent or presumable want of jurisdiction in the Court that rendered it.
Whilsf, therefore, we cannot say, on the facts exhibited, that there was actual notice tp the heirs to whom the notification was addressed, we do not feel authorized, es* pecially in this collateral mode, to decide that there was, no proof in the Circuit Court of a legal notice; and that therefore the record affirms that which never, in fact, existed. Nor can we therefore decide, that there was no. other evidence than that furnished by the indorsement on the paper filed, and which was so palpably no proof a^ all of actual service on the heirs, as to present this inadmissible dilemma, that, if there was no other evidence of notice, the Circuit Judge was either a fool or a knave. And, considering the consequences of the lapse of time, we should be the less inclined to come to a conclusion so incompatible with the presumed intelligence and reo», titude of a Court of justice, and so repugnant to the lit*, eral truth of the language of its record.
But, had there been no proof of actual notice, we,are . unwilling to admit that the judgment was therefore necessarily void, as to the infants represented by Ferguson.
It is a general rule of the commqn law, and of common sense, as well as of common justice, that a Court has no jurisdiction to render a judgment against a person who has had no notice, whatsoever oí the proceeding against him.
But what is notice—is a question of law, as well, as of fact; and actual notice is not always required. On a scire facias against bail, actual notice may be dispensed with, and a judgment may be rendered on. two returnsof nihil. *436 And in the statutory proceeding against absent der fendants, a decree may be rendered on constructive service merely, which is frequently,, perhaps generally, no notice in fact.
An infant cannot appear in court, in person' or by atto., he Buesbyyiroc/ieiii ami: defends by guardian ad lifem.
Actual notice to an infant, of the pendency of a spit for, or against him, is not indispensable to the jurisdiction of the coprt. It is the duty of the court to attend to his interest, end see that lie' has a guardian who will protect Jiis rights,-before' any judgment is rendered against the infant.
To a person non compos mentis jio personal notice is necessary; notice to his com mittee, or if he has no committee, to the person appointed to defend him, is all that is required: judg’t oil such notice, is not eyqn erroneous.
In the case of an infant, according to late decisions, personal notice perved upon the jpfupt, is tiecessary: without it, the judg’t will be erroneftp?— but not void.
*436 Actual notice to an infan.t, will not enable him to defend a suit; because he is, in judgment of law, incompetent, And hence, according to the. common law, an infant cannot appear to, or defend, an action., in his own person or by attorney; and, even though he may be in court, he cannot be heard, nor can the suit proceed, except through the intervention of a guardian a¡d (item appointed to defend for him. Nor for the same reason, can an infant pro.sec.ute a suit in his own peyson or. by his attorney; the suit must, be prosecuted by a prqchtin ami, who maj', sometimes., proceed and_ ac.t without the knowledge of the infant.
In such cases, of the prosecution -or defence of suits, the Court.acts, pto hctc vice, as the guardian of infants. And hence, as..the jnfant is disabled, in consequence of his actual or presumed incompetence to assert his own rights oy manage his .own cause, in a .court of justice, it would seem to us, that an actual, judicial notification to him, of the pendency of a suit for his benefit or against his interest, should not be. deemed indispensable to the jurisdiction of the Court. His ultimate security is in the. protective care of the Court, and in the assistance and fidelity of iris guardian ad litem appointed by the Court, to- represent him, and who will be required to defend him, before any judgment or decree can be rendered against his. interest. It has been frequently decided that, it is not necessary.. to serve a judicial citation on both the idiot (or lunatic) and his committee, but that a proper notice to the committee alone,, is albsufficient; and that when there is no committee, the. Court in which the suit may be pending, may appoint one for. the purpose of receiving notice. and defending the suit. And it has been determined that, a decree—in other respects right—rendered on such notification and defence, is not even erroneous. Then, ought a similar decree or judgment against an infant, to be, not only erroneous, but utterly void, so that the party obtaining it may altogether dis- *437 regard it as a nullity, and may, therefore, sue again for the same cause, or the infant may, ad libitum, treat it as a nonentity, and, if any thing shall have passed under, or ip consequence of it, to a stranger, may elect, as a matter or right, to demand restitution? This we cannot establish or recognize as the law of the land.
Nevertheless, although, for many years in this state, as well as elsewhere, the practice had generally prevailed of appointing a guardian ad litem, without any actual notice to the infant, of the pendency of the suit, this Court1 abolished it, as mala praxis; and has since de-; cided, frequently, that such a course of proceeding is irregular and improvident, and therefore, as it may be. mischievous, should be deemed erroneous; for, although the infant cannot defend a suit in proper person, and may even be so imbecile as to. be. utterly incapable of receiving actual notice, or of knowing any thing respecting his case, or his rights—yet personal notice to an infant, if, in fact (as is frequently the case) he is capable of receiving and understanding it, or to the person, in whose care and custody he may, in consequence of his helplessness, be placed, might, and generally would, increase the probability of a vigilant and proper vindi, cation of his interest.
And this late course of decision, although complained of by many intelligent jurists, as a useless and unauthor-, ized innovation, is, nevertheless, as we still believe.* plainly and perfectly right and proper.
But neither this, nor, as far as we know,-any other-Court whose decisions are authoritative evidences of the law, has ever decided that, without actual notice to an infant, a judgment or decree against him is necessarily void, for want of jurisdiction. And, reasoning upon analogy, ^principle, and policy, wé are. not inclined to go farther than to say, as we have said, that such a judg, ment or decree, in other respects regular, is erroneous merely. This is as far as we feel bound by a sense of justice to infancy, or authorized by a proper regard for principle, or the repose and security of this country, to. extend the legal effect of a. want of actual notice to ip-, fants.
On the trial of-this writ of right, the'íand hacine* scended to heirs^ $hjs ancestor” in' a proceeding by motion, had recovered a judg’t against them, on & liability of their ancestor, & had leviedoti the land which was sold by the sheriff, to a purchaser whose title had passed to the defendant The heirs, now demandants, offered to prove, that they; or most of them, were out of the state when the notice issued, and did not return till after the judg’t. But the record ofthetnc. tion recites that ‘the plt’f filed & proved’ legal no* tice of his motion, and shows that the husband of one of the heirs had acknowledged service of tire notice, and it was not pretend, ed that hrs wife was not then in the jurisdiction. A guardian ad litem was appointed and ap. pearedfortheoth ers. The court had jurisdiction ofthesubjectmat ter; ol the above facts show that it had jurisdiction over ar least one of the defts, which —the proceeding being a joint one against all the defendants—draws after it jurisdiction • over the others: the judgment, therefore, was not void, for want of notice to some of the defendants; and, as showing the fact that some of them were not in the state, would not show that the judgment was void, there was no eiror in rejecting the proof of their absence.
*438 In some countries, and, as we understand, in the state of Louisiana, there is never any actual judicial notice to an infant, his guardian ad litem, after being appointed, be» ing alone cited to appear and defend for him. And in- , , r » n, , , , deed, it a Court act iaithtuuy, as we should presume every Court of justice would, there will always be a virtual notice to infant defendants; because the Court— ■acting faithfully and providently—will always appoint, as guardian to defend, some honest and competent person, generally a friend or relation of the infant; and not only will that person, if he do his duty, consult the infant, if intelligent, and also his discreet and more enlightened friends and acquaintances, but the Court will see that he makes a proper defence, and will never de. cide the case without such a defence. Apd should there be an improvident decision without a full and proper defence, it may be reversed merely on the ground of infancy.
Wherefore, although we have said, and still say, that a judgment or decree against an infant, without actual' personal notice, as far as such notice may, according to the condition of the infant, be possible, should be deemed irregular and reversible for want of such citation alone, yet we cannot decide that it is void.
And however doubtful it may be whether the infant heirs had personal notice—as to Mrs. Denny, respecting whom the indorsement is altogether silent, we are well satisfied, that we ought not, especially now and in this collateral proceeding, to decide that there had been no proof of notice in fact to her, wffien the record says, in eHect that, in the opinion of the Circuit Judge, there was sufficient proof.
It seenrs therefore, in the judgment of this Court, that the Circuit Judge erred in giving the instruction asked by the demandants, and also in overruling that which was proposed by the tenant, Bustard.
The judgment must therefore be reversed,
But, in remanding the case for a new trial, it is proper to dispose, also, of the exception, by the demandants, to the refusal by the Circuit Court, to permit them to show, by parol testimony, that all the heirs, excepting Mrs. *439 benny, were, at the time of alleged notice to them, out of this Commonwealth.
Without pausing to determine, whether—as the general recital in the record of there having been proof of legal notice, is a deduction from facts not certified-^the rejected testimony would be inadmissible, on the ground that it would tend to contradict a judicial presumption arising from the language of the record; we perceive two strong objections to its admissibility, which we feel to be decisive:
First. The Circuit Court had jurisdiction over Denny arid wife, as well as over the subject matter of the suit. There was no offer to prove that she was, either beyond the jurisdiction of the Circuit Court, or was not in fact, notified of the proceeding against her, and there is no doubt that he was served with legal notice. Then, there was a lis pendens, of which the Court had unquestiona-* ble cognizance; and, as the liability of all the heirs was joint, and the motion was against all of them, the Circuit Judge had jurisdiction over the entire suit, as instituted, and had as much power to appoint a guardian ad litem, for the infants, without actual notice- to them, if they were out of this state, as he could have had when they were within its limits. In either case, the appoint^ ment would have been irregular; and as much so in the one as in the other, and for the same reason in each; that is, that the infants were not before the Court by actual citation. But jurisdiction over the pending suit having once attached, by bringing Denny and wife before the Court, the appointment of a guardian to defend for the other co-heirs was not void. For if a judgment against infants be not void on the single ground that they had not, in fact, been notified of the pendency of the suit, it should not be deemed void on the sole ground, that it was not within the power of the Court to give such notice. .
Had the other heirs all been in some other county in *440 this state than that in which Mrs. Denny lived, and ifi which the suit was brought, the Court would have had no jurisdiction as to them alone; but jurisdiction over her, when once she was made a party, would have embraced the whole case, and have drawn after it jurisdiction, also, over all joint and necessary parties; wherever they might be; and would have authorized a trial as to all; whenever they had been made parties.
Evidence which, though it would not directly contradict any diet certified by the recordofa judg’t, would conflict with- its legal effect, or with judicial deductions from its tenor, should not be admitted after a lapse of 20 y’rs-, during which the judg’t and the rights derived un ■der it-, had never been questioned:.
*440 In Such a case, all that is necessary is to bring all the proper persons before the Court. And in this case, the Circuit Court having jurisdiction, the difference between the non-service of actual notice on the infants, and the physical impossibility of such notification, cannot be essential as to the effect of the judgment against them.
In either event, the true question for testing the validity of the judgment, is only this: Had the Court jurisdiction over the suit ? was a guardian ad litem appointed by the Court? and did he appear and represent the infants on the trial? If so, the judgment against them is not void, but voidable only, in a direct proceeding for setting it aside.
When it was the practice of the Courts of original jurisdiction to appoint guardians ad litem without notice to infants, it was not deemed necessary, nor was it as we believe, usual, to proceed against non-resident infants by publication; and that practice prevailed when this judgment was rendered. In this case, it is apparent that the only object or effect of the proof of non-residence, must be to show, that the infants were not, in fact, notified, because, as they were out of the state, it was impossible that notice could have been served on them. But, as that fact alone would not show that the judgment was void, the refusal to permit proof of it, was not prejudicial to the demandants.
Second. If we are mistaken in the opinion, that the fact, were it admitted, of the non-residence of the in, fant heirs would not affect the question of jurisdiction, and if, also, the rejected testimony would not contra" diet any fact certified by the record—yet, as it would evidently conflict with its legal effect, and with judicial deductions from its tenor, it should not be admitted af *441 •ter the lapse of more than twenty years had fortified the judgment hy every presumption most favorable to the jurisdiction of the Court which rendered it, and when, too, such evidence of such a fact, even if altogether unopposed by counter facts or presumptions, could, from the nature of the case, be entitled to but little influence, because, if false1, its falsehood might not be easily estab1lished by the memory of living witnesses, respecting such a fact as the accidental residence of any of the heirs of Sullivan, at any specified time more than twenty years ago.
AfteV a .jndg’t» a pparently valid; has remained unquestioned for 20 years, it should be presumed to have been render ed by a court of competent jurist diction;&should not be invalidated, in a collateral proceeding, by parol evidence-in confliot with its-recitals, and ten» ding to show a want of jurisdiction in the court that rendered tha judgment.
The disability of parties, such as infancy.&c. does not affecttberu/e of evidence, as to the efficacy of lapse of time in such cases; which is founded, not merely upon pre sumed acquiescence, but wag established rather to prevent the ill consequences of tiJony, to secure the repose of society, &c. the loss of iesti-
This objection to the testimony is, in no small degree, strengthened by the consideration-, that if it be now decided that Prather’s judgment is void-, not only he, but Bustard also, might be subjected to unjust and irreparable loss; whereas, if the demandants fail in consequence only of unusual and unexplained delays, such a failure will be but the legitimate offspring of voluntary laches or choice.
But, waiving this just consideration, we are of the opinion that, were there no other objection to it, the rejected testimony was inadmissible, on the broad and single ground, that the judgment, which, according to the import of the record of it, is apparently valid and right, and has been permitted to remain unquestioned for twenty-two .years, and, therefore, should be presumed to .have been rendered by a Court of competent authority— should not be invalidated in a collateral proceeding, by parol evidence tending to the conclusion that the Court had not (as the record affirms it had) jurisdiction as to all those whom it purports to conclude. And in this opinion we are, as we believe, sustained by the reason and analogies of the common law, as now understood and administered by enlightened Courts of Justice»
It does not appear how long the heirs labored under disabilities. But no disabilities which can be presumed to have existed, should materially affect the point we are now considering; for the chief efficacy of the long lapse of time, does not arise from actual or presumed acqui *442 escenc'e merely, but results principally from an inflexible rule of law, established for securing the repose of society, and founded on the presumption, sustained by the experience of mankind, that, considering the nature of the fact attempted to be proved, the kind of evidence offered to prove it, and the obliterating influence of a lapse of more than twenty years, it is safer, and more reasonable, that the judgment should stand, and the long possession under it remain undisturbed, than that both should now be assailed, by testimony which, however false, Bustard could not be expected to repel.
This settled and salutary rule of law respecting evidence, cannot be relaxed or essentially affected by infancy, which does hot destroy, or much, if at all, diminish the force of the reasons which induced its adoption, as a just and necessary shield against the' dangerous consequences to be reasonably apprehended front the false and delusive testimony of witnesses, tending to the destruction of an ancient judgment, and long possession under it, when according to the course of nature, such evidence could but rarely be defeated by countervailing testimony of the like kind*
Infancy is saved from the limitation prescribed fox' bringing suits, because, in such a case,- forbearance operates as evidence of abandonment, or want of right, and that reason does not apply with fall force to infants, who should not be presumed to have been perfectly acquainted with their rights.
But the rule of evidence, which we have been considering, is, as already suggested, founded on reasons of policy from which infancy is not a fit or admitted exception*
We are, therefore, of the opinion-, that there was no error in the rejection of the testimony offered by the' demandants*
Wherefore, as, for the reasons herein- before stated, it is the opinion of this Court, that the Circuit Judge erred in his instruction to the jury, it is considered and adjudged, that the judgment in favor of the demandants, be reversed, and the cause remanded for a new trial.