The Chief Justice

delivered the Opinion of the Court.
One James Pryor having conveyed to William Cockran some lots in the city of Louisville, by two deeds, one in 1819, and the other in 1820, in trust for securing to the United States Bank the payment of two notes which Pryor had given to the said Bank—a decree for enforcing the trust, by a sale of the property so conveyed, was rendered by the Jefferson Circuit Court, in the year 1826, on a bill which had been filed for that purpose by the said Bank, against David Cockran, as nonresident heir of the trustee, and against others alleged to be the devisees of the said Pryor.
The trust property was sold under the decree; and the Bank having bought a portion, and one Thomas Joyes the residue of it, each purchaser afterwards sold to others, who, or those claiming under whom, now claim and occupy all the said estate.
The sales of the trust estate not having produced a sum equal to the debts to secure which it had been conveyed, a decree in personam was rendered for the deficit, and, under that decree, other real estate of the devisees in the same city was sold, and is now occupied by persons claiming under the purchasers.
In the progress of the suit on the deeds of trust, there had been no appearance by the heir of the trustee; and the certificate of publication against him, does not show that there had been publication for more than eight weeks; and therefore, as to the said David Cockran, the decree may be void.
Nor was there any notice, actual or constructive, to some of the infant devisees; but guardians ad litem having been appointed, and having also answered for them, the decree as to them, though erroneous, was not there *396 fore void, according to the case of Bustard vs Gates & Wife, 4 Dana.
The present bill, its object &c.
Dismissal of the bill, on divers grounds, and appeal.
An equitable title to estates sold under a decree of the Jefferson circuit ct. passed to the purchasers; but the legal title had descended to an heir, as to whom the decree was void: a bill filed by the purchaser to obtain a conveyance from him, and perfect the titles of their alienees, & which has no other prayer, is not a bill of review; but a bill founded on a former decree, and of which the Louisville chancellor has jurisdiction, whether he could, or could not review a decree of Jefferson circuit court.
*396 Apprehending that the titles claimed, as derived under the decree, are imperfect, the United States Bank, in the year 1836, filed another bill in chancery against David Cockran and the devisees and the heirs of the devisees of James Pryor, deceased, and against Thomas Joyes, and others, praying for a decree for perfecting and quieting the titles; and Joyes having filed a cross bill for the same purpose, various interpleadings were made between divers persons interested in the property.
The Chancellor dismissed the original bill and the cross bill filed by Joyes; because he was of the opinion that he had no jurisdiction over a bill, which he considered a bill of review, or a supplemental bill of revivor, and because he thought that as both the Bank and Joyes had transferred their interests as purchasers, neither of them had a right to seek any relief in equity respecting the property so transferred; and because, also, he was of the opinion that the decree was so erroneous and ineffectual as not to allow any supplemental proceeding in equity to enforce or confirm it.
This appeal brings up this last decree for revision.
We have not deemed it necessary to ascertain whether every necessary party had been regularly brought before the court; nor what should have been the Chancellor’s decree in all the multiplied and minute details involved in this voluminous record; for, however these matters may be, the absolute dismission of the bills being in our opinion, erroneous, the case must be remanded; and then there will be but little, if any, difficulty in proceeding in such manner, and in rendering such decree, as will be proper according to the main principle of the reversal.
We shall, therefore, briefly notice only the grounds urged against the equitable right asserted in the bill and cross bill of Joyes to some relief.
First. As the decree was not void as to Pryor’s devisees, who held a resulting equity, the Bank and Joyes acquired that equity in judgment of law, and have a right *397 to hold it as long as the decree, however erroneous it may have been, shall not have been reversed.
The fact that the purchasers have sold the estate, does not preclude them from maintaining the bill, to perfect the titles of the alienees, to whom they are responsible, and who are before the Court.—The bill could be maintained by the alienees against their vendors and others; and, in such a case, it is not very material whether parties appear as compts or defts.
And, though the decree may have been void as to David Cochran, who holds the legal title in trust for the holder of the equity, yet, as he has no beneficial interest, a bill in the nature of an original bill may certainly be maintained by the party holding that equity, against him, and all persons interested in the title, for the purpose of obtaining a conveyance from him. And though the equitable claim to such a conveyance, as asserted by the Bank and by Joyes, is derived from the decree, yet, as there is a prayer for such a conveyance merely, the bill is, so far, not a bill of review, but is as much as original as any other bill filed tor enforcing or perfecting an equity arising out of a former decree in another cage between tile same or other parties, The act of 1835 establishing the Louisville Chancery Court, declared that it “shall “have all the equitable and chancery jurisdiction which “the Jefferson Circuit Court (then had) in suits (there-cc after) to be brought. And, consequently, if it be admitted that a bill to review a decree of the Circuit Court of Jefferson, could not be maintained in any other court, still, as the bill in this case is, in one aspect of it, not a bill of review, but an original bill to enforce an equity arising from a final decree of the Jefferson Circuit Court, the Chancellor of Louisville had, in our opinion, full cognizance of it, according to the statute creating his Court.
Second. As the Bank and Joyes could have acquired only an equity by their purchases under the decree, the holder of the legal title not having been a party—the fact that they have sold their respective equities, should not preclude them from suing in chancery to perfect the titles of their alienees, to whom they are responsible, and whom they have brought before the court, as beneficial and actual parties.
Had those vendees brought this suit, the Bank and Joyes would have been indispensable parties, because there was only ah equitable transfer of their rights. And, as between those who are thus interested in the same equity, it cannot be very material who are, in form, com *398 plainants; as any decree that may be rendered, will be equally conclusive on all of them, and as the relief sought is for the benefit of all.
Where the object of a bill is to perfect titles acquired by purchases at sales under a former decree—if the chancellor may re-examine the former decree; still, if the parties to it are before the court, and it does not appear that the decree under which comp’ts. claim, was unjust, or the sale unfair or unreasonable—the mere fact that the decree was irregular, and is erroneous, is not a sufficient reason for refusing the relief.
If infants or non-residents have not the privilege of opening or reversing a decree under which their interest in land has been sold, there is no ground for a bill quia timet against them, on account of errors in the decree; if they have that privilege, the infancy or non-residency from which it results, should protect them from any new decree divesting them of their rights.
Third. Were it admitted, according to the cases of Johnson vs. Northy (2 Vern. 409,) and of Robinson vs. Robinson (2 Vesey, Sr. 232,) that the Chancellor might, in this case, revise the decree claimed as the foundation of the equity asserted in the bills, and enquire into its justice and regularity—nevertheless, we should be of the opinion that, no insuperable obstacle to relief would be found in the record. The decree was certainly irregular, and, on that account, reversible; but surely the enforcement of it, or of a right growing of it, cannot be successfully resisted in equity, on the mere ground that it was erroneous, and might possibly be yet reversed. And as all the persons effected by that decree are now parties in this case, and have not shown that the decree was unjust, or the sale under it unfair or unreasonable, we cannot perceive why any irregularity in obtaining it, should per se authorize the dismission of the bill by the Bank or the cross bill by Joyes, filed to secure themselves, and give repose to their vendees, by obtaining the legal title from the trustee, who is a mere stakeholder.
But the purchases under execution on the decree in personam, do not stand on the same ground.. That decree was not void, though it may have been erroneous. And, therefore, the conveyances to the purchasers seem to have vested in them perfect legal titles. Then, can they maintain bills quia timet against the non-resident devisees of Pryor? We think not; for if those persons could not now open or reverse the decree, there is no ground for any such proceeding against them; and if they may yet open or reverse the decree, the same legal disability which would enable them still to do so, should exempt them from any proceeding to coerce them to surrender that right, either as infants or non-residents, whilst they continue such. The only object of this suit, as to this branch of the case, is to quiet the title, by taking away any right that may yet exist to open or reverse the decree. The principal object of so much of the suit as applies to the trust property, is to enforce and perfect an equity acquired *399 under the decree, by obtaining a conveyance from the trustee. And, of course, the objections to maintaining the suit for one of those purposes, do not apply to so much of it as applies to the other.
We are, therefore, of the opinion that, as to so much of the bill and cross bill as sought relief in respect to the property bought under execution on the decree in personam, the decree of the Chancellor was right, and should therefore be affirmed. But that, as to so much of said bill and cross bill as applies to the trust property, the sale of which passed only an equity, his decree was erroneous, and should be reversed. The case is, therefore, remanded. But as there is a partial affirmance, and a partial reversal, each applying to a distinct subject, the costs in this Court shall be equally divided between the appellants and the appellees.