*Riley* and *J. & W. L. Harlan* for plaintiff; *B. Hardin* for defendants.

---

EJECTMENT.    **Benningfield** *et al. vs* **Reed & Sutherland.**

*Case* 26.             ERROR TO THE HARDIN CIRCUIT.

*Decrees, void and voidable. Publication. Unknown heirs. Division of land. Judicial sales. Fraud.*

December 20.    JUDGE SIMPSON delivered the opinion of the Court.

Case stated.    THIS was an action of ejectment, on the trial of which Reed and Sutherland, the lessors of the plaintiff, read in evidence a patent to William Greenough; and in order to deduce a title from the patentee, they produced in evidence a transcript of the record and proceedings in a suit in chancery in the Hardin Circuit Court, in which Richard Mather was complainant, against the unknown heirs of William Greenough, the patentee; and a deed to the complainant in pursuance of a decree rendered in that suit.

The record exhibits no evidence of an affidavit that the names of the defendants were unknown to the complainant, as required by the statute; it is, therefore, contended the decree is void, and that no title passed by the Commissioner's deed.

A decree in chancery against un-    The absence of an affidavit in a proceeding of that description, does not have this effect. The decree is

BENNINGFIELD
et al.
vs
REED, &c.

erroneous but not void, as was held by this Court in the case of *Hynes* vs *Oldham*, (3 *Monroe*, 266.)

Another objection to this deed is, that the decree under which it was executed is void, because the order was published eight weeks only, instead of two months. There is a difference, however, in the requisitions of the statute of 1802, (1 *Stat. Law*, 95,) in relation to proceedings in chancery against unknown heirs, and in those regulating proceedings against absent defendants, in other cases. Orders of advertisement against unknown heirs, were to be published only eight weeks; against other absent defendants, they must have been published two months; (4 *Monroe*, 252.)

known heirs, is not void because no affidavit was filed that they were unknown, but is only voidable; *Hynes* vs *Oldham*, (3 *Monroe*, 266.) Eight weeks was the length of time for publication against unknown heirs, two months against non resident defendants.

The lessors of the plaintiff also produced in evidence a deed to Philip Reed, executed by three Commissioners appointed by the Hardin County Court, under the act of 1797, (1 *Stat. Law*, 456,) for and on behalf of the infant heirs of Richard Mather, deceased, in conjunction with Elizabeth Clarke, the only adult heir. Also a copy of the order of the County Court appointing the Commissioners; which order shows that the bond held by Reed on Mather, was before the Court, and spread upon the order book, and proof made of payment of the consideration agreed on. The County Court order was made in January, 1825, and the deed executed in the month of February following, by the Commissioners and Elizabeth Clarke, the adult heir.

This deed is objected to on the ground that there was no evidence Mather had executed any bond to Reed, and that the proceedings of the County Court were not in compliance with the statute; but no particular defect is specified, except the one above named.

In the case of *Short* vs *Clay*, (1 *Marshall*, 371,) a deed by Commissioners appointed by the County Court under the "act to reduce into one the several acts for the conveyance and division of lands," was decided to be inadmissible without evidence of the authority of the Commissioners to execute it. In that case the deed alone was produced. It recited the appointment of Commissioners, and set forth the bond for the land. That was deemed insufficient; the order of the County Court

A deed by Commissioners appointed by the County Court under the authority of the statute for conveyances and division of land, accompanied by a copy of the record of the appointment of the Commissioners—of the death of the obligor

BENNINGFIELD
et al.
vs
REED, &c.

and the payment
of the considera-
tion—a copy of
the bond itself
and the execu-
tion of the deed
by one of the
heirs of the ob-
ligor—Held to be
sufficient to au-
thorize the ad-
mission of the
deed as evidence
of a transfer of
title.

Where a Court
has jurisdiction
of a subject its
acts will not be
void for *irregu-
larity* in its pro-
ceedings,        or
questionable col-
laterally, (*Shack-
leford* vs *Miller*,
(9 *Dana*, 277.)

being considered indispensible evidence to establish that fact. The Court also suggested, that in such cases, it was necessary to prove the execution of the bond, because it constituted a link in the chain of title, and without it no regular derivation of title could be shown.

In this case, however, the record of the County Court was produced in evidence. It expressly exhibits all the facts necessary to give the Court jurisdiction, and to show that it had acted in conformity to the statute. If the Court had jurisdiction, no irregularity in its proceedings could render its acts void, or even questionable collaterally in this suit; *Shackleford* vs *Miller and wife*, (9 *Dana*, 277.) But no irregularity exists; and although it is not expressly stated in the record that the execution of the bond was proved, yet as it contains proof of the death of the obligor and the payment of the consideration, and the bond itself is made part of it, the presumption fairly arises, that its execution was proved to the satisfaction of the Court. The execution of the deed personally, by the only adult heir, is convincing proof of the genuineness of the bond, if any proof were necessary, in addition to the record of the County Court. That, in our opinion, is sufficient, and the objection to the deed we consider unavailing.

The lessors of the plaintiff derive title from Philip Reed, by an execution sale and Sheriff's deed, under a decree of the Nelson Circuit Court, rendered in a suit in which they were complainants and the heirs of said Reed defendants. Three of the heirs being infants, and not having been served with process, although a guardian *ad litem* had been appointed to defend, and had filed an answer for them, the decree after the sale and Sheriff's deed had been made, was reversed, on the ground that no process had been served upon the infant defendants.

Two objections are urged to the title under this decree: First: That process not having been served on the infant defendants, the decree as to them was void, as well as erroneous. Secondly: That the decree having been reversed, the title acquired under it is destroyed, as one of the complainants was the purchaser, al-

though a different rule may prevail where a stranger is the purchaser.

As it regards the first objection, the doctrine must now be considered as settled, that an actual notification to the infant of the pendency of the suit against him, is not indispensible to the jurisdiction of the Court. The security of the infant depends upon the protective care of the Court, and the fidelity and aid of the guardian appointed to represent him, and watch over his interests. When, therefore, a guardian *ad litem* has been appointed by order of the Court, and has answered for the infant, the decree, although there may be no actual judicial notification to the infant of the pendency of the suit, is not void, but only erroneous; *Bustard* vs *Gates*, (4 *Dana*, 429;) *Bank United States* vs *Cochran*, (9 *Dana*, 395.)

The second position contended for, is equally untenable. It is the policy of the law to sustain judicial sales. The interest of the owner of the property sold requires it. If this rule did not exist, sales of this description would be subjected to many disadvantages, resulting in frequent sacrifices of property. Both law and equity guard zealously the interest of purchasers under the process of Courts of law or decrees of Courts of equity, and the title which the purchaser acquires, either under a judgment at law or a decree of a Court of equity, will not, upon the reversal of the decree or judgment, be thereby affected or disturbed.

The parties are at liberty to bid and purchase property sold under the authority of a judgment or decree, and there is the same reason for protecting their interests in the property so acquired, as that of a stranger; (5 *Monroe*, 451.)

The complainants in the chancery suit were the administrators, one being a son and the other having married a daughter of Philip Reed, deceased. The decree was rendered by consent of parties. The defendants were in possession of the land in controversy, claiming it by purchase at a sale under execution, against the heirs of said Reed, made subsequent to the one under which one of the lessors of the plaintiff purchased.

---

**Marginal notes:**

BENNINGFIELD
et al.
vs
REED, &c.

When a guardian *ad litem* has been appointed by order of the Court, and has answered for the infant, although there may be no actual judicial notice to the infant of the pendency of the suit, decree is not void: *Bustard* vs *Gates*, (4 *Dana*, 429;) *Bank U. S.* vs *Cochran*, (9 *Dana*, 395.)

It is the policy of the law to sustain judicial sales—both law and equity guard zealously the interest of purchasers at judicial sales. There. is the same reason for protecting parties who are purchasers as strangers; (5 *Monroe*, 451.)

pothecate an in-
struction upon
the supposed
fraud.

The right of the defendants, under the circumstances, to question the title of Philip Reed, under which both parties claimed, was denied. This question we have not considered, deeming it unnecessary to do so, inasmuch as the derivation of title from the patentee produced on the trial was complete, and showed the legal title in Reed at the time of his death.

The defendants on the trial, moved the Court to instruct the jury, if they believed the decree of the Nelson Circuit Court, and the execution thereon, and the sale under the execution, was had and contrived to hinder, or defraud, or delay, or prevent any of the creditors of Reed in the collection of their debts, they ought to find for the defendants. The instruction was refused, and we think properly.

The existance of the debt claimed by the complainants, and its correctness, was conclusively established by the proof. The only imputation against the parties is, that the decree was rendered by consent; no opposition having been made to the claim asserted by the complainants. The justness of the demand having been shown, the fact of the decree having been rendered by consent, does not authorize the inference attempted to be deduced from it. There being no evidence upon which the instruction could have been properly predicated, the Court was right in overruling it.

Wherefore, there being no error in the judgment, it is affirmed.

*Harlan & Craddock* for plaintiffs; *Hardin* for defendants.