Thurman, J.,
dissenting.
I think the decree in question is not void, but only erroneous. It has been uniformly held that an order of sale, upon an administrator’s petition under the act of 1824, is not void because the infant heir was not actually notified, although the statute required him to be made defendant. Ewing’s lessee v. Higby, 7 Ohio, pt. 1, 198; Ewing v. Hollister, Id. pt. 2, 138; Robb v. Irwin, 15 Ohio, 689; Lewis v. Lewis’ Adm’r, Id. 715; Snevely v. Lowe, 18 Ohio, 368. ^Indeed an answer by a guardian ad litem has been deemed sufficient to protect such an order from reversal. Ewing v. Hollister, and Lewis v. Lewis’ Adm’r, above cited.
In Adams v. Jeffries, 12 Ohio, 253, the act of 1824 was not under consideration, and the opinion there expressed that, since 1824, jurisdiction could not be acquired without service of process upon the heirs, is unsupported by either the previous or subsequent decisions.
It is said, however, that there is a material difference between an administrator’s petition and a bill of foreclosure; that the interests of the administrator and heir are not adversary; that, for certain purposes, the administrator represents the whole estate, all of it, both real and personal, being assets for the payment of debts; that he has no interest to do wrong, and if he do, the administration -bond protects the heir. That, on the other hand, mortgagee and mortgagor are adversary parties, and the' latter is without protection unless he has his day in court.
Without denying the force of this argument, were it addressed to the legislature, as a reason for distinguishing between the two •cases, I yet can not see that it renders the decisions I have cited inapplicable to the present. Whether policy did or did not demand it, the act of 1824 provided that the heir should be made defendant. The chancery practice act does nothing more, except to prescribe the means by which an appearance shall be effected. Both acts contemplate that the defendant shall have notice and a day in ■court. And if there is a substantial want of compliance with either .statute, the proceeding under it is erroneous, but if jurisdiction has *323 attached, it is not void. Now, it might be argued, with no small show of reason and authority, that in a case like the present, and in that of an administrators’ petition, the subject-matter of the proceeding, the land, gives jurisdiction, and that if the order, or •decree, is reversible because the heir or mortgagor was not notified, it is so merely because the statute requires such notice. Both proceedings are quasi in rem,, and before 1824, one of them, the peti • tion, was ^strictly so. It was wholly ex parte, there being no defendants to it, nor any notice of it given to anybody. It was simply presented to the court, and the proper proof being made, the order of sale followed. So, from 1802 to 1831, during which period the remedy of scire facias upon mortgage existed, a return of nihil upon two such writs effected the appearance of the mortgagor, and authorized a judgment and a sale of the premises. Now we all know that this was no notice at all. The return of nihil was an idle ceremony, and it was the land that, in reality, gave jurisdiction. In other words, the proceeding was in rem substantially. Yet it was always sustained by the courts, and no one doubts its legality.
That proceedings by bill to foreclose a mortgage are quasi in rem has been often affirmed. In Hamilton v. Jefferson, 13 Ohio, 429, the court, speaking of such proceedings, said: they “are not technically, it is true, but substantially, in rem. The property is converted to pay the debt. The decree is inoj>erative beyond this.” True, it is added that, “ a decree might easily have been so framed that any balance due after the sale, and application of the proceeds •of the securities, would have been a debt of record, having the same force and effect as a judgment at law, and on which execution might have issued.” I have no fault to find with this dictum, limited to a case like that in which it was pronounced, namely, to one in which the defendant’s appearance is effected by service of process. It may be well enough in such a case, the parties being actually before the court, to prevent a multiplicity of suits by doing •complete justice in the premises. But where the defendant is only constructively notified, as by publication, I imagine that no decree in personam can be rendered against him. Graham v. Sublett, 6 J. J. Marsh. 44. Yet, in either case, so far as the title to the land is to be effected, the proceeding is substantially in rem.
It is unnecessary, however, to push our inquiries byond the present case. Here, not only was the land within the jurisdiction of *324 the court, but service, not strictly regular it is true, but yet affording actual notice, was made on the mother *and step-father of the infants, with whom the latter, being of very tender years, resided. A guardian ad litem was appointed, accepted the appointment, and answered. The cause went to hearing and the decree-in question was rendered. And the point to be decided is, whether, under such circumstances, the decree is void or merely erroneous. We have seen that had it been an order of sale, upon an administrator’s petition under the act of 1824, it would not be void. And I think some reasons have been given why a decree of foreclosure ought to stand upon the same ground. But let us see the-authorities.
Massie’s Heirs v. Donaldson, 8 Ohio, 377, was a bill of review to. reverse a decree in chancery, rendered on a bill for the specific execution of a real contract. One of the errors assigned was that the defendants to the original bill were not served with process. They were minors, and a stranger was appointed guardian ad litem for them; but, although served with process, he neither filed an answer, nor even accepted the appointment. The court, after remarking that the English practice is to serve infant defendants with process, except under peculiar circumstances justifying substituted service, proceeded as follows :
“ These exceptions, however, proceed upon the very principle on which the rule requiring service on the infants is founded. Service on them would be very absurd, if it were not intended by that means to apprise their relations of the institution of'a suit, and thus put it in the power of those most deeply interested in their welfare to protect their interests.
“In Ohio, it has not been the general practice to make service on the infants. A very loose mode of doing business has universally prevailed. .This is greatly to be regretted, since as much mischief might be created by returning to the old and regular practice as has been occasioned by the original departure from it. The practice of every court may be said, sometimes, to constitute the law of the court; and pez’baps even this practice may be entitled to-z’espect, if it is *the creature of inveterate usage. But it is unnecessaz’y now to decide this point, as there are so many other errors in these proceedings.”
From this it appears that the court doubted whether a decree was even reversible, because the infant defendants had not been *325 ^served with process. It looks as if the inclination of their minds was to sustain it. I think it may be safely affirmed that they would not have held it void.
In Robb v. Irwin, before cited, Judge Hitchcock, delivering the opinion of a majority of the court, said :
‘•It seems to me to be unnecessary, in this case, to go into an investigation of the question whether infants can be made parties to a suit in chancery, so as to be bound by a decree, without personal service, merely by the appointment and appearance of a guardian ad litem. Much is said in the books upon the subject. But I apprehend it will be found, upon examination, that decrees entered under such circumstances are generally, if not universally' holdeu to be voidable, not void. Such, I have no doubt, is the weight of authority.”
In Carrington v. Brent, 1 McLean, 174, the circuit court of the United States, in Kentucky, speaking of a suit brought in Halifax •county, Virginia, for the specific execution of a real contract, said:
“ It does not appear that in the above .suit process was served on the infant, nor that the guardian ad litem was appointed by the court, and for these omissions or errors in the proceedings the decree might be reversed by an appellate court; but when the decree is used as matter of evidence, it can not be disregarded or treated as a nullity. Much may be presumed in favor of the proceedings of a court regularly constituted, and which exercises a general jurisdiction ; and especially after the lapse of many years.”
Entertaining these views, the court admitted the record as evidence, without requiring the production of original proofs, and decreed for the complainant. Indeed, it may be said to have enforced the Virginia decree, and so it was considered *by the supreme court of the United states, to which the cause was taken by .appeal, and by which the decree of the circuit court was affirmed. In fact, the supreme court appears to have gone farther than the circuit court, for Chief Justice Marshall, delivering its opinion, said:
“The proceedings in the county court of Halifax, in the suit brought in 1815, are perfectly regular, and, according to the constitution and laws of the United States, and the decisions of this •court, are allowed the same full faith and credit in the court of Kentucky that they would receive in Virginia. If the decree pronounced by the court of Halifax, in 1817, and afterward affirmed *326 in the superior court of chancery at Lynchburg, would have been enforced in Yirginia; or if, had it been pronounced in Kentucky, it would have been enforced in Kentucky, then the decree for enforcing it, which was pronounced by the court of the United States sitting in Kentucky, is correct.” Caldwell v. Carrington, 9 Pet. 101. And, as I have before said, it was held to be correct, and therefore affirmed. .
In The Bank of the United States v. Cockran, 9 Dana, 395, it was expressly decided that a decree respecting realty, against an infant who had not been served with process, or otherwise notified of the suit, but for whom a guardian ad litem had been appointed,, is not void. And this decision is directly in point, for it affirmatively appeared in the record, as fully as it does in the present case, that the infant had not been notified. Indeed, there is more reason for saying that, in the present case, there was notice, than existed in that case; for here the mother and step-father of the infants, in whose custody and care they were, had notice—irregular,, it is true, but still actual.
Bustard v. Gates, 4 Dana, 430, is another case in point, or substantially so.
Our attachment laws require notice of the issuing of the writ to-be given by advertisement. Yet the want of such notice does not render the judgment void. The affidavit, writ, and levy give jurisdiction. The absence of notice only *makes the judgment voidable. Paine v. Mooreland, 15 Ohio, 435. Now whatever-may be said of an administrator’s petition, it will not be denied that an attachment is as adversaiy a proceeding as a bill of foreclosure. Nor will it be gainsayed that the advertisement is required by as stringent a statutory provision as is a subpena. Nor-will it be pretended that the levy of ,an attachment on real estate any more gives notice to the defendant than does the filing of a bill in chancery.
Without multiplying authorities or reasons, the conclusion to-which our examination leads me, is that where the subject-matter-of the suit must be within the jurisdiction of the court, in order to-give jurisdiction, and it is within it, and the proceeding, though not technically, is substantially in rem as a bill of foreclosure is admitted to be, and was decided to be in Hamilton v. Jefferson, before-cited, and a guardian ad litem is appointed and answers for the in *327 fant defendant, who has not been served’'with process, or notified! by publication, the decree is not void, but only erroneous.
The decision just pronounced I understand to be limited to cases in which it affirmatively appears in the record that the defendant was not served with process or otherwise legally notified. With this limitation, it may, possibly, affect but few rights. But it is difficult to see how the case would bo different in principle, if it did not so affirmatively appear. True, it is said that if the record1 were silent upon the subject, service might be presumed. It would not be presumed, however, were the decree directly impeached by a bill of review. No one pretends that. Why, then, should it bopresumed when it is impeached collaterally ? It is not by force of presumptiofls that, in the one case, a decree is held voidable, and, in the other, valid. A decree, merely erroneous, is unassailable collaterally, not because it is presumed to be correct, for the contrary may be manifest, but because collateral issues are seldom allowed, and because it is only upon a bill of review that the rights of the-parties can be properly heard and adjusted.

Judgment reversed.