## W. T. CARLISLE, ET AL., *v.* R. M. CARLISLE, ET AL.

**Public Officer—Presumptions from Actions.**

> When it is the duty of a public officer to make a return showing what he did in the performance of a duty, his return is prima facie evidence of its own truth, but his return is not evidence of any other fact, and does not prove that he had authority to act.

### APPEAL FROM KENTON CIRCUIT COURT.

#### October 17, 1876.

OPINION BY JUDGE COFER:

Counsel concede that the general rule is that in order to make out title to land under a sheriff's deed it is necessary to produce the judgment and fi. fa. under which the sale was made.

But they insist that after the lapse of twenty years the existence of the execution and levy may be proved by the recitals in the sheriff's deed, and in the venditioni exponas under which the sale was made.

Their argument is that the law presumes that a public officer, acting under the sanction of an oath, properly discharges his duty, and that when he is required by law to make a statement of what he did in respect to an official duty his statement will be prima facie evidence that he did that which he says he did; and they argue from that premise that as it was the duty of the clerk to issue a venditioni when there was returned to his office a fi. fa. showing that there was unsold property in the hands of the officer levied on under it, that the recitals of the venditioni are prima facie evidence that a fi. fa. had been issued and levied, and that as it is the duty of the sheriff to recite the fi. fa. or other execution in a deed conveying property sold by him, the recitals in the deed that a fi. fa. issued and was levied on the particular property are prima facie evidence of those facts.

It is unquestionably true that when it is the duty of a public officer to act, and to make a return showing what he did in the performance of that duty, his return is prima facie evidence of its own truth. But his return is not evidence of any other fact, and does not prove that he had authority to act.

The venditioni exhibited may be evidence that a fi. fa. had been returned to the office of the clerk, showing that there was property in the officer's hands which had been levied on and remained unsold; and if it had described the property which the officer was commanded to sell it is probable the officer's return that he had sold the

property therein described would have been sufficient. But the venditioni does not describe the property to be sold, and therefore does not show or even admit that it would be competent to prove a levy in that way, and show what property had been levied upon. The officer's return shows that he sold the land in contest under the writ, but it does not show that the property sold had been levied on. There is therefore nothing in the venditioni or in the return thereon to show a levy.

Now, conceding that the fact that the clerk issued a venditioni proves a fi. fa. had been issued and levied, there is still nothing but the recitals in the deed to show upon what it was levied. The venditioni does not describe the property that it commanded the officer to sell, and without the fi. fa. or some other evidence showing that the land in contest had been levied on, the sale cannot be approved unless, as counsel contend, we should go still further and presume that the officer would not sell any other land besides that he had levied upon.

We cannot think we are authorized to indulge in so many presumptions in order to approve a sale under execution. No case cited goes the length we are asked to go. *Bustard v. Gates,* 4 Dana 429, does not go near so far. In that case the execution book was introduced, which showed that a fi. fa. had been issued, and levied on the land there in contest; and it was held that the execution book and the recitals in the deed taken together were sufficient, while in this case we are asked to treat the recitals in the deed and the issuing of a venditioni as proving as much as was proved in that case by the recitals and the execution book. This would be carrying presumptions greatly beyond any adjudged case and beyond what we regard as safe, and we must therefore adhere to our former opinion upon this point.

We have re-examined the evidence respecting the possession of R. M. Carlisle and see no reason for changing our opinion in that regard.

The beginning of a suit for partition by one co-parcener is to be treated as a suit by all who do not disclaim. The facts stated show the rights of all, and it is therefore not necessary that those made defendants should answer. They could state no new facts, and as the prayer of the plaintiff in such cases is that partition be made among those shown by the petition to be entitled, it is not necessary that those made defendants should answer even for the purpose of praying for the allotment of their shares, but the court will go on

and make partition among those entitled and put them in possession, without cross-pleadings by the defendants.

The petition in this case contained a statement of facts showing that the land ought to be partitioned among the heirs of John Carlisle, and prayed that partition might be made, and is to be treated as a suit for the benefit of all those shown to be entitled, and in our opinion suspended the running of the statute of limitation as to all.

But we are satisfied that we were in error in regard to Mrs. Garrard's interest. She filed an answer and cross-petition, and afterwards made a transfer of her interest in order to qualify herself to testify. in the case, and then dismissed her cross-petition, which we think was an abandonment and virtual disclaimer, and should be held to have divested her of her interest. Having dismissed her cross-petition the appellees may well have regarded that act as an abandonment of all claim on her part, and on that account have foreborne to set up the release against her as they might otherwise have done.

We only directed the interests of those who appealed to be allotted, because those who did not appeal have by their failure acquiesced in the judgment.

There is a marked distinction between a suit by one co-parcener against the other co-parceners for partition, and an appeal by a party from a judgment denying partition. In the petition for division the rights of all were set up and thereby put in litigation, in a case in which all were parties and in which relief is prayed for, for all; but upon this appeal those in whose favor we reversed the judgment are the only persons seeking relief, or for whom relief is sought in this court. The appellees having asked no relief at the hands of this court we cannot look into the record to see upon what grounds the court adjudged against them, but must leave them where the court below places them, and by failing to appeal, they have consented to remain in that position.

An order will be made so modifying the former opinion as to *affirm* the judgment as to Mrs. Garrard. As to the other appellants, the petition is *overruled*.

*J. W. Stevenson, J. M. Collins, for appellants.*

*James Pryor, J. O'Hara, Jr., J. G. Carlisle, for appellees.*