Chief Justice Robertson
delivered the Opinion of the Court.
The only question presented in this .case, is whether a •judgment by default against a lunatic, upon service of process on him alone, be nota, because his committee was not a party. And it is our opinion that, though evidently erroneous, the judgment is not void.
Had the fact of lunacy appeared in the record of the judgment, a writ of error to this Court would have ensured the proper relief. But, though the fact did not so appear, and is judicially known only from an admission in the record of this suit — brought to enforce, (by evic-' \ i . , , . , ° J tion) a purchase of the lunatic’s land, under an execution on the judgment against him — yet, upon a writ of error comm nobis, the judgment might have been set aside.
There being however, according to the authorities, ancient and modern, a parallelism, to a great extent, in *88 the legal capacities of lunatics and infants, and this Court having, and we think correctly, decided that a judgment against an infant, without defence or the intervention of a guardian ad litem, is not void, we would not, in the absence of any direct authority, feel authorized to decide that a judgment by default against a lunatic, is void, merely because his committee was not a party, and no person was appointed to defend the suit. Moreover, this conclusion seems also to be established by the authority of adjudged cases. Nee Shelford on Lunacy.
The legal capacities of lunatics and infants are alike, and it has been held, that a judg t against an infant, without defence, or the intervention of a guardian ad litem, is not void.
This is not a case, as we think, in which it should be decided that there was, in judgment oflaw or in fact, no notice whatever of the suit; and therefore, the judgment should ■ not be deemed void for want of any citation. Irreparable injustice can seldom, if ever, result from the recognition of such a doctrine, because official service on a lunatic will generally be indirect personal notice to his committee, keeper, or some other friend; and no judgment can be enforced against his estate, without the knowledge of some one whose relative position would prompt the requisite attention to the proper procedure for setting it aside if unjust. Therefore, where, as in this case, such a judgment is permitted to stand and be enforced without objection, the rational presumption is that it is right, and could not have been prevented by any defence that could have been made.
We, therefore, perceive no solid ground for declaring it void. And we are also of the opinion that, the judgment not being void, the land of the lunatic was liable to sale under an execution upon it.
Wherefore, the judgment of the Circuit Court, which declared the judgment against the lunatic, Taylor, to be void, must be reversed, and the cause remanded for a new trial of the action of ejectment, founded on the title conveyed by the sheriff to the purchaser of the lunatic’s land, under an execution issued on the judgment against him.