## JANUARY TERM, 1879.

Kentu'y
78    6
112 396

Kentucky
78    6
122   45

Kentucky
78    6
f132  352

CASE 1—PETITION ORDINARY—FEBRUARY 27.

### Jones, &c., v. Edwards, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

1. It was error for the Circuit Court to reject the record of Smith's executors v. Smith's devisees, although it may not have shown that three of the infant devisees of the testator had been served with process.

2. After the lapse of thirty years, it will be presumed that a court of general jurisdiction had all the necessary parties before it to enable it to settle and adjust their rights as creditors and devisees, the record showing nothing to the contrary.

3. The mere absence of evidence in the record to show that some of the devisees had been summoned, is not sufficient to enable the appellee to make a successful collateral attack upon the record, and exclude it as evidence. (Freeman on Judgments, sec. 124.)

P. D. YEISER FOR APPELLANTS.

1. The Court erred in rejecting as evidence the record of the suit in the Graves Circuit Court of Smith's executors v. Smith's devisees, &c.

2. This Court will presume that all the decedent's devisees had been summoned, inasmuch as about thirty years had elapsed, and the Court had general jurisdiction. Although the record did not show actual service of summons upon three of the devisees, yet it should be presumed that the Court had all the parties before it.

L. ANDERSON FOR APPELLEES.

1. It was necessary that the infant devisees of Peter Smith should have been served with process, and inasmuch as they were not served, the record affecting their rights was properly excluded.

2. The record shows no appointment of a guardian *ad litem* for either of the infant devisees of Smith, and the presumption is that they never were summoned. (2 B Mon., 453; 7 Bush, 296; 6 Bush, 395.)

Jones, &c., v. Edwards, &c.

JUDGE ELLIOTT DELIVERED THE OPINION OF THE COURT.

In this action of ejectment by appellants against appellees. the former offered in evidence the deed from J. H. Terrill to H. L. Jones, which was refused, and they excepted. They then offered in evidence the record of the Daviess. Circuit Court, in the suit of A. B. Barrett, executor of Peter Smith, deceased, against Peter Smith's heirs and creditors, which was also refused, and appellants excepted.

The evidence in the record conduces to prove that, previous to the year 1855, John H. Terrill and Peter F. Smith entered into a partnership in the purchase. of a tract of land from C. M. Clay, the same being a part of the Mayo tract of 17,000 acres. By the terms of the. contract Smith was to furnish the money, and Terrill was to purchase the land and then sell it, and he and Smith were to divide the profits. Terrill bought the land, taking the deed from Clay to himself, but afterwards, as he says, making a deed to Smith.

After Smith's death, his executor brought a suit for the construction of his testator's will, and for a sale of his property for the payment of his debts. To this suit, which was brought in the Daviess Circuit Court, Peter F. Smith's heirs and creditors were made parties, and, on final hearing of that case, Terrill was appointed to sell the land which he had bought of Clay and deeded to Peter F. Smith, in about the year 1839, and, as the Court's Commissioner, he made the sale, and M. L. Jones became the purchaser, and Terrill, as Commissioner, made Jones a deed in pursuance of an order. of the Daviess Circuit Court.

At Jones' solicitation, and to confirm his title, Terrill made Jones another deed, reciting the purchase from Clay, and his former conveyance to Peter F. Smith, by a deed

which was never recorded, and then conveying to Jones all his right and title to the land.

The cause of the refusal of the Court to permit the deed of date 1855 from Terrill to Jones to be read to the jury, we presume, was, that, by such conveyance, Terrill recited the fact that he had, before that time, conveyed his title to Peter F. Smith by an unrecorded deed, and the further fact that the land had been sold and conveyed to Jones by a judgment of the Daviess Circuit Court, and therefore the deed of Terrill, offered in evidence, conveyed no title to anybody, as no title was then in Terrill, and the offer by appellants of the record in the suit of Barrett, executor, against Peter F. Smith's heirs, &c., as evidence in their behalf, was refused because the record fails to show that three of the infant devisees and children of Peter F. Smith were ever summoned in the action, or that a guardian was ever appointed or answered for them.   That suit went off the docket twenty-five or thirty years ago; and appellants contend that, after such a lapse of time, the verity of the record should not be collaterally attacked and excluded.

As the record was evidence that the title of all of Peter Smith's heirs and devisees who were of age had passed to M. L. Jones by Terrill's commissioner's deed, they having answered in the action, its rejection was erroneously prejudicial to appellants.   But we are of opinion that the objection to the reading of the record of Smith's executor v. Smith's heirs and devisees, &c., because it fails to show that the three infant heirs of Smith were brought before the Court, is not tenable.

In Freeman on Judgments, section 124, it is said that "nothing shall be intended to be out of the jurisdiction of a superior Court but that which expressly appears to be

·so; hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed, upon a collateral attack, that the Court, if of general jurisdiction, has acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared. The decisions to this effect are very numerous.

"If a statute required a certain affidavit to be filed prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed. One acting in a court of record as attorney in fact of a party will be presumed to have satisfied the Court of his authority to act, and the proceeding cannot be collat-·erally attacked, because the proof of such authority does not appear in the record."

The mere absence of evidence in the record of Peter F. Smith's executor against his devisees, &c., that two or three of his devisees had been summoned in the action, is not sufficient to enable the appellees to make a successful collateral attack upon that record and shut it out as evidence in this case; and that it cannot be done has been ·substantially decided in the following adjudged cases: Withers v. Patterson, 27 Texas, 491; Holmes v. Campbell, 12 Minn., 221; Spalding v. Baldwin, 31 Ind., 376; Evans v. Ashley, 22 Ind., 15; Butcher v. Bank of Browns-·ville, 2 Kansas, 70; and also in 20 Ohio, 344; 24 Ga., 245; 34 Cal., 391; 21 Barb., 275; 16 Iowa, 552; 2 Howard, 319; 9 Gratz, 323; 22 Maine, 131.

We are therefore of the opinion that the Court erred to :appellants' prejudice in rejecting the record of Smith's ex-·ecutor v. Smith's heirs, &c., as evidence for plaintiff, when ·offered by them as such.

Wherefore the judgment is reversed, and cause remanded. for further proceedings consistent with this opinion.

JUDGE ELLIOTT HAVING DIED AFTER A PETITION FOR A REHEARING WAS. FILED, JUDGE COFER DELIVERED THE FOLLOWING RESPONSE:

The opinion is not based on the ground that, after great lapse of time, a judgment rendered without service of process or personal appearance is to be held valid, but on the ground that service of process will be presumed when there is nothing in the record to indicate the contrary.   To hold otherwise might lead to very serious consequences.

Under our system, it never has been required that evidence of the service of process should be preserved in any permanent form.   Process is returned and placed among the loose papers of the case, and is very liable to be lost; and if every judgment is to be held void unless the summons can be produced, no matter how long the period during which it has stood unquestioned, the consequences. would be of the most serious character.   When a judgment. has been rendered by a Court of general jurisdiction, some consideration should be given to the fidelity and circumspection of the judge, and it ought, at any rate after a great lapse of time, to be presumed that the process has been lost, rather than that the Court rendered judgment without process.   Is it not much more probable, in such a case, that the process has been lost than that the Court rendered a judgment against parties not properly before it?

In the case cited by counsel (2 B. Mon., 455), it seems that the infants as to whom the judgment was held void were non-residents, and the Court said: "Their non-residence proves affirmatively that there had been no service on them or any of them;" thus showing that the mere silence of the record was not held sufficient to render the

Hall & Head, &c., v. Grogan, &c.

judgment void.   Moreover, the process seems to have been in the record, and was returned executed on all except the infants, thus negativing the fact of service on them, they being named in the process as parties to be summoned.

Petition overruled.