## Cecil's Committee v. Cecil, et al.

(Decided October 2, 1912.)

### Appeal from Boyle Circuit Court.

1. Trustees—Action Against to Compel Payment of Money Second Time—Payment to Cestui Que Trust—Under Judgment of Court of Competent Jurisdiction.—In an action to compel the trustee to pay the second time large sums of money received of him by the cestui que trust twenty years ago, upon the ground that the latter was incompetent to receive it, because of her unsoundness of mind at the time, though never so found or adjudged: Held, That as the moneys thus received by the cestui quest trust were, in part, paid under the judgment of a court of competent jurisdiction, in an action in which she had been made a defendant and served with process; and in part, in settlements approved by the court, the presumption should be indulged that, the trust was properly administered, and that the sums received of the trustee by the cestui que trust, were properly paid her.

2. Cestui Que Trust—Service of Summons Upon—Judgment Not Void, But Voidable—Validity of Judgment.—Although in the former action the court appointed neither a committee nor a guardian for the cestui que trust, as she was served with summons, the judgment under which the payments of money were made her by the trustee, was not void, but only voidable; and not having been appealed from or reversed, it is valid and cannot be collaterally attacked as attempted in the present action; therefore, the demurrer to the petition was properly sustained.

3. Stale Claim—Limitation.—The staleness of the claim sued on is manifest, and a court of equity will not enforce a stale claim,

even when a plea of limitation would not be available, if it be of doubtful merit.

W. O. BRADLEY, E. H. GAITHER and C. R. McDOWELL for appellant.

C. C. BAGBY, ROBT. HARDING and CHENAULT HUGUELY for appellees.

* OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In 1878 James G. Cecil, a resident of Boyle County, distributed a large estate, of which he was the owner, among his children. The shares given his daughters, Annie and Sarah Cecil he conveyed by separate deeds, in trust, to his son Granville Cecil. The property thus conveyed Granville Cecil he was required to hold and manage for the cestuis que trust, paying to each such part of the income of her estate, as might be necessary for her support and use. Each deed contained the provision that at the death, without living issue, of the cestui que trust named therein, the estate conveyed should go to her brothers and sisters. Annie Cecil died in 1892. Following her death and during that year, Granville Cecil brought suit in the Boyle Circuit Court for a settlement of his accounts as trustee of Annie Cecil, and for the further purpose of obtaining a decree directing a distribution of her estate, as required by the deed of trust from her father, among the brothers and sisters. The latter including Sarah Cecil, were made defendants and were all duly served with summons.

In the settlement of his accounts as trustee of the estate of Annie Cecil, Granville Cecil was charged with all property received by him for her under the deed of trust, and credited with all sums paid out by him to and for her. This settlement was reported to and confirmed by the court and a decree therein entered, designating the amount payable to each of the remaindermen, and directing distribution among them of the trust estate.

Pursuant to the directions of the judgment the trustee duly distributed the estate among the beneficiaries, Sarah Cecil's share being $21,354.42, and this amount she received, and executed her receipt therefor.

On August 2, 1911, nearly twenty years after the distribution of Annie Cecil's estate, Mrs. Mary Cecil Cantrill as Committee for Sarah Cecil, brought this action

in the Boyle Circuit Court against Granville Cecil as an individual, and as trustee of Sarah Cecil, seeking to recover of him the $21,354.42 which he paid Sarah Cecil as her share of the Annie Cecil estate, together with the interest accrued thereon since the date of payment; and also the further sum of $28,000, alleged to have been illegally paid by him to Sarah Cecil, out of the trust estate conveyed him for her by the deed from her father; the last amount being the aggregate of various sums, and the interest on each, which he paid her from time to time, as demanded, during the years that Granville Cecil was her trustee.

The foregoing demands were set out in separate paragraphs. In the first it was, in substance, alleged that at the time the appellee, Granville Cecil, brought the action for a settlement of his accounts as trustee of Annie Cecil and distribution of the trust estate, Sarah Cecil was insane, which fact was known to him; that although she was made a defendant and summoned in the action, the petition failed to disclose her unsoundness of mind and the court failed to appoint a guardian ad litem for her. Moreover, that she was insane when the judgment was rendered directing the payment to her of her share of her sister's estate and when it was received by her, which was also known to appellee.

It was further alleged that owing to her lack of mental capacity to appreciate its value, Sarah Cecil needlessly spent and wasted the $21,354.42, immediately after she received it; that her insanity and the failure of the court to appoint a guardian ad litem to make defense for her in the action, rendered the judgment directing appellee to pay her the $21,354.42 void, for which reason it conferred no authority on appellee to pay it to her nor did it protect him in so doing; therefore his liability to her therefor continued as if it had not been paid.

The second paragraph of the petition, in substance, alleged that Sarah Cecil became insane many years before the death of Annie Cecil and has not since been of sound mind; that her insanity has all the time been known to appellee but, that notwithstanding such knowledge, he, as trustee under the deed from her father and out of the trust estate thereby conveyed him in trust for her, wrongfully paid her from time to time the entire income thereof, amounting to $4,000 per annum.

It was also alleged, in substance, that the sums so paid her by appellee were in excess of what was required for her comfortable support, and were spent and wasted by her as received, with the knowledge and connivance of appellee, whose act in thus paying her more money than was necessary for her wants and permitting her to recklessly spend and waste it, constituted a breach of the trust imposed upon him by the deed from James G. Cecil, and made him responsible to her for its payment. A brief amendment was filed intended to make more definite certain averments of the petition.

To the petition as thus amended appellee filed a demurrer, which the circuit court sustained. Appellants refused to plead further and the petition was dismissed. From the judgment manifesting these rulings they prosecute this appeal.

The petition, besides the averments mentioned, contained certain implied and express admissions of fact, entitled to consideration in determining whether or not the demurrer was properly sustained.

These admissions are:

First: That at the time appellee paid Sarah Cecil the $21,354.42, constituting her part of Annie Cecil's estate, and the $28,000.00, income of the estate conveyed him by her father in trust for her, she had not been adjudged a lunatic or person of unsound mind; and that she was never so found or adjudged until several years later, when appellee settled his accounts as her trustee and resigned the trust and James C. Cantrill became her trustee or committee.

Second: That the payments of money made by appellee to Sarah Cecil out of the estate he held in trust for her, did not at any time exceed the income thereof; and that all these payments were approved by the court in which his settlements were made.

Third: That she was a party to the action and proceedings, both with respect to the settlement and distribution of the Annie Cecil estate, and the settlements showing the payments made her by the trustee out of her own estate, and the court's approval thereof, and had been duly served with summons.

It will be observed that the petition does not set out or attempt to surcharge the settlements, or any of them, made by appellee as her trustee, or as trustee of Annie

Cecil, or allege specific error in any of them; nor is it charged that by a contract with Sarah Cecil he overreached or took advantage of her to his own profit. On the contrary, if the acts complained of resulted in Sarah Cecil's wasting her estate, the loss was, in part, his loss, for he and her other brothers and sisters will, at her death, be entitled to what may be left of the trust estate.

The grounds of complaint seem to be that the trustee negligently paid to the cestui que trust, the income of her estate and the whole of her share of her sister's estate, when she was, by reason of her unsoundness of mind, incompetent to receive it; and that the judgment of the court directing and approving his payment to her of her share of her sister's estate was rendered without the appointment of a guradian ad litem to represent her.

In the absence of a showing to the contrary, the presumption should be indulged that appellee executed the trusts created by the deeds made him by his father for the benefit of his sisters, Annie and Sarah Cecil, as required by their provisions; and especially is this true when it is made to appear, as here, that the trusts were administered by the direction and approval of a court of equity, in an action or actions brought for that purpose in which Sarah Cecil, and all others interested, were parties and duly served with summons. If she was of unsound mind, as now alleged, there is no presumption that it was better known to appellee than the other beneficiaries who will take what is left of the trust estate at her death, and it does not appear from the averments of the petition that they took any steps to have her adjudged a person of unsound mind, or to advise the court in which the action was pending that the appointment of a guardian ad litem or committee for her was necessary

The circuit court sustained the demurrer filed to the petition, on the ground that the judgments directing the payment to Sarah Cecil of her share of her sister Annie's estate by appellee, and approving his acts in paying her the income of the estate he held in trust for her were not void; and this being true, that they could not be collaterally attacked, as here attempted. In this conclusion we fully concur. As well stated in Newman on Pleading and Practice, (New Ed.) section 445; in commenting on the provisions of the code on this subject:

"Persons of unsound mind means those judicially so found. These general rules in regard to persons of unsound mind are, by the language of the code, made to apply only to such persons as are judicially found to be so and the court will not presume parties to be either infants or non compos mentis, unless it so appears or is so stated in the pleadings."

We may concede for the purposes of this case that Sarah Cecil was a person of unsound mind, although she had not been so found or adjudged, and that it was appellee's duty to have advised the court of that fact and have had a committee or guardian ad litem appointed to make defense for her, but as she was a party to the action and had been duly served with summons, such disability on her part and omission of duty, if any, on that of appellee, did not render the judgment void, but made it merely voidable. Therefore, it protects appellee in the disposition made by him of the trust funds that were in his hands, and must remain in force, in the absence of an appeal to, and reversal by, this court.

In Newman's Pleading and Practice, section 74b, in further discussion of the subject it is said:

"* * * * A judgment against an infant, lunatic or idiot without either service of process on him or the appointment of a guardian for the infant or a committee for the idiot or lunatic and a defense by such guardian or commitee, is absolutely void. But if process is served on the infant or lunatic, or if the court without the service of process improperly appointed a guardian ad litem for the infant or a committee for the lunatic or idiot, and such guardian or committee appeared and filed answer for him, the judgment is not void, but voidable only. The law required both, or it is error for which a reversal may be had. But if either be done and the other omitted, the judgment is not void, but valid in any collateral proceeding."

Porter v. Robinson, 3 Mon., 253; Bristard v. Gates, 4 Dana, 429; Alison v. Taylor, 6 Dana, 87; Downing v. Ford 6 Dana 391; Sherly v. Taylor 5 B. Mon., 104; Benningfield v. Read, 8 B. Mon., 105; Smith v. Ferguson, 3 Met., 424; Pond v. Doneghy, 18 B. Mon., 558; Simmons v. McKay, 5 Bush, 25; Keller v. Wilson, 90 Ky., 354; Jones v. Edwards, 78 Ky., 6; Sorrell v. Samuel, 20 R., 1498; Berry v. Foster, 22 R., 745; Northington v. Read,

25 R., 354; Miller v. Farmers Bank, 25 R., 375; Cheatham v. Whitman, 86 Ky., 614; Hundley v. Sumrall, 144 Ky., 73.

In a long line of cases we have held that the contracts of persons of unsound mind and of infants were not void, but voidable only. Johnson's Committee v. Mitchell, 146 Ky., 382; Clarkes Exr. v. Trails Admr., 1 Met., 35; Breckinridge's Heirs v. Ormsby, 1 J. J. M., 236; Arnetts Committee v. Owens, 23 R., 1410; Logan v. Vanarsdall, 27 R., 822.

In the latter case it is in the opinion said:

"Assuming it to be true, as averred in the petition and as it appears from a copy of the inquest of lunacy filed as an exhibit, that James P. Terhune was properly adjudged to be a person of unsound mind, that fact, though conclusive evidence that such was his condition at the time of the inquest, is only prima facie evidence of his condition at the time of the sale and conveyance to Vanarsdall or any subsequent period."

If such be the rule as to contracts of infants or persons of unsound mind, the greater should be the presumption as to the validity of a judgment effecting the rights of such persons.

In addition to the reasons given for sustaining the judgment of which appellant here complains, the staleness of the claims sued on is manifest. It appears to have been about twenty years since Sarah Cecil received from appellee, the several amounts of money appellants are seeking, in this action, to make him pay the second time. Her present committee is her sister and it seems apparent that the facts constituting the cause of action have, all these years, been known to her as they were known to her husband the former committee; in view of which it is strange that an earlier effort was not made to correct the wrongs alleged to have been committed by the appellee to the injury of the lunatic. Equity will not enforce a stale claim, even in the absence of a plea of limitation; and especially is this true where the claim seems to be one of doubtful merit. Predestinarian Baptist Church v. United Baptist Church, 139 Ky., 110; Gatewood v. Gatewood, 24 R., 931; East Jellico Coal Co. v. Hayes, 133 Ky., 4; Bristard v. Gates, 4 Dana, 429; Helm's Exor. v. Rogers, 81 Ky., 568.

Judgment affirmed.