## Ratliff v. Childers, et al.

(Decided November 27, 1917.)

### Appeal from Pike Circuit Court.

1. **Infants—Proceedings—Judgment Without Service of Process.—** A judgment against an infant, without either service of process on him or the appointment of a guardian ad litem and a defense by such guardian, is absolutely void. But if process is served on the infant, or if the court, without the service of process, improperly appointed a guardian ad litem for the infant, and such guardian filed answer and made defense for the infant, the judgment is not void, but voidable only. The law requires both, or it is error. But if either be done and the other omitted, the judgment is not void, but valid in any collateral proceeding.

2. **Judgment—Collateral Attack.—**Unless the record of the case in which the judgment attacked was rendered, affirmatively shows that the court was without jurisdiction, or for some other cause the judgment is void, it will be upheld against a collateral attack. In such case no evidence is admissible except that which is furnished by the record of the action wherein the judgment was rendered.

3, Judgment—Voidable Judgment—Appeal and Error.—Where the judgment of a court of general jurisdiction is merely voidable, the party prejudiced by it, whether he be an adult or infant, has an adequate remedy in the right of appeal. He will not, in a subsequent action involving a right acquired under such judgment, be permitted to show its voidable character.

A. L. RATLIFF, J. D. KASH, W. K. STEELE and J. S. CLINE for appellant.

CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

By this action in equity instituted in the Pike circuit court, the appellant, W. E. Ratliff, sought to recover of the appellees, A. W. Childers and Fon Rodgers, a small tract of land in Pike county, of which he claimed to be the owner, upon the ground that the title claimed by them is void because obtained under a void sale and judgment of the Pike circuit court in a suit of John A. Bartley v. Henry Ratliff and others, in which the appellant, though made a defendant to the action, had never been summoned or otherwise brought before the court. The answer of the appellees contains two paragraphs, the first specifically denying the several allegations of the petition attacking the judgment in Bartley v. Ratliff, etc.; and the second, alleging their ownership and possession of the land in question by purchase and deed from John A. Bartley, who had previously acquired title thereto by purchase under the decretal sale mentioned in the petition, and a deed from the master commissioner of the Pike circuit court, made by order of the court, following the confirmation of the decretal sale. It was further alleged in the second paragraph of the answer that the claim of ownership asserted by appellant to the land was casting a cloud upon their title to same and thereby depreciating the vendable value of the land. By the prayer of the answer the appellees asked that their title be quieted. To this end the answer was made a counter-claim.

On the hearing the court below dismissed appellant's petition, declared the appellees to be the owners of the land, quieted their title thereto and awarded them their costs against the appellant. From the judgment manifesting these rulings the latter prosecutes this appeal.

It will readily be seen from what has been said that appellant's claim to the land in controversy is rested solely upon the ground that the judgment under which appellees assert title is void. Unless the judgment is void it cannot be collaterally attacked as here attempted. It appears from the record that at the time of the institution of this action in 1914 the appellant was twenty-nine years of age and that on October 19th, 1892, when he was only seven years of age, his father, Henry Ratliff, purchased this land of Colbert Ratliff, at the price of $225.00, all of which but $90.00 was then cash in hand paid by Henry Ratliff to the grantor; but for the $90.00, Henry Ratliff executed two promissory notes; one of $65.00 and the other of $25.00, and for some reason unexplained in the record, caused the grantor by the deed then executed to convey the land to the appellant.

By the terms of the deed a lien was retained on the land conveyed to secure the payment of the two notes referred to. Subsequently, these notes were assigned by Colbert Ratliff to John A. Bartley, who, following their maturity, in March or April, 1896, brought suit thereon in the Pike circuit court and for the enforcement of the vendor's lien retained in the deed. Henry Ratliff and the appellant, W. E. Ratliff—the latter being still an infant and then eleven years of age—were made defendants to the action and a summons issued against them. Later the court, by the judgment rendered, allowed Bartley a personal recovery against Henry Ratliff for the amount of the two notes, enforced the lien on the land and directed its sale for their payment and the costs of the action. In due course the land was sold by the master commissioner and purchased by Bartley, who, after the confirmation of the sale by the court, received from the commissioner a deed conveying him the land, which he thereafter sold and conveyed to the appellees.

No appeal was ever taken from that judgment for appellant by a guardian or next friend during his infancy; nor did he take such appeal within the time allowed by the law after attaining his majority. His contention that the judgment is void is without support from the record. It is true his deposition contains a denial that he was served with process. This denial is doubtless based upon his knowledge that a copy of the summons was never delivered to him in person. That this was not done goes without saying, for the service of a summons upon an infant under fourteen years of age cannot be made in that

way. It must be done as provided by Civil Code, section 52, which declares:

"If the defendant be under the age of fourteen years. the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him. If any of the parties upon whom summons is desired to be served by this section is a plaintiff, then it shall be served on the person who stands next in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavits of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian *ad litem* for the infant, and the summons shall be served on such guardian."

As it appears from the record that at the time of the institution of the action of John A. Bartley v. Henry Ratliff and others, and when the summons therein was served appellant was an infant only eleven years of age, and in the custody of his father, Henry Ratliff, the only legal service that could be made of the summons would have been by the delivery of a copy for the infant to the father. The deposition of Henry Ratliff taken in the instant case throws no light upon this matter. He testified that he was summoned in the case, but failed to state whether or not the summons was served on him for his son, the appellant, W. E. Ratliff. The summons that was issued and served in that case was introduced in evidence in this case, as was the return endorsed upon it. The summons contains the names of Henry Ratliff and appellant, and is directed against them as the only defendants in the case, while the return upon the summons signed by the sheriff is to the effect that it was executed in full May 5th, 1896. Whether by this return the sheriff meant to say that the summons was served by delivering a copy thereof to Henry Raliff for himself and a copy for his infant son, the appellant, or whether the service thereof was accepted by Henry Ratliff himself in his own behalf and for the infant, cannot be told. In any event, the court approved the service as sufficient because it appears from an order made in that action, introduced as evidence in the instant case, that following its service and upon the filing of an affidavit by Bartley, the plaintiff, showing that the appellant, W. E. Ratliff, was an infant under fourteen years of age and had no statutory, other guardian, or committee, N. J. Auxier, a practicing lawyer, was appointed guardian *ad litem* for him by the

court, and another order also introduced in evidence in the instant case, recites that Auxier, as guardian *ad litem* of the appellant, filed an answer in his behalf.

We do not mean to say that the return showing the service of the summons was proper or sufficient, but at most it could have no other effect than to make the judgment of the former action erroneous. It did not render it void. If there is nothing in the record to affirmatively show that the judgment assailed is void, it will, when collaterally attacked, be held valid. In Newman's Pleading and Practice, section 74b, it is said:

"A judgment against an infant, lunatic or idiot without either service of process on him or the appointment of a guardian for the infant or a committee for the idiot or lunatic, and a defense by such guardian or committee, is absolutely void. But if process is served on the infant or lunatic, or if the court without the service of process improperly appointed a guardian *ad litem* for the infant or a committee for the lunatic or idiot, and such guardian or committee appeared and filed answer for him, the judgment is not void, but voidable only. The law required both, or it is error for which a reversal may be had. But if either be done and the other omitted, the judgment is not void, but valid in any collateral proceeding." Porter v. Robinson, 3 Mon. 253; Bristard v. Gates, 4 Dana 429; Alison v. Taylor, 6 Dana 87; Downing v. Ford, 6 Dana 391; Sherly v. Taylor, 5 B. Mon. 104; Benningfield v. Read, 8 B. Mon. 105; Smith v. Ferguson, 3 Met. 424; Pond v. Doneghy, 18 B. Mon. 558; Simmons v. McKay, 5 Bush 25; Keller v. Wilson, 90 Ky. 354; Jones v. Edwards, 78 Ky. 6; Sorrell v. Samuel, 20 R. 1498; Berry v. Foster, 22 R. 745; Northington v. Read, 25 R. 354; Miller v. Farmers Bank, 25 R. 375; Cheatham v. Whitman, 86 Ky. 614; Hundley v. Sumrall, 144 Ky. 73; Cecil's Committee v. Cecil, 149 Ky. 605.

No doctrine is better settled in this jurisdiction than that domestic judgments rendered in a court of general jurisdiction cannot be collaterally attacked unless the want of jurisdiction appears from the record; that where a collateral attack is made upon a judgment of a court of general jurisdiction, it is not sufficient to simply allege the absence of the jurisdictional fact. It must be alleged that the record actually shows the absence of the jurisdictional fact. Bamberger v. Green, 146 Ky. 258; Baker, et al., v. Baker, Eccles & Co., et al., 162 Ky. 683; Harrod v. Harrod, 167 Ky. 308.

The petition of appellant in its attack upon the judgment of the former action does not concede that the attack is a collateral one, but this conclusion is manifestly error. A judgment is directly attacked when it is called in question in a proceeding for a new trial or by an action to set it aside for fraud, as pointed out in Civil Code, sections 344, 414, and 518, for the modification or vacation of judgments; but an attack made on a judgment in any other way is a collateral attack. In this connection is invariably applied the further well-settled rule that domestic judgments rendered in a court of general jurisdiction cannot be collaterally attacked, unless want of jurisdiction appears on the record. Therefore, no evidence is admissible except that which is furnished by the record of the action wherein the judgment was rendered. Maysville, Big Sandy Co. v. Ball, 108 Ky. 261. In all such cases as that under consideration the courts have said to all litigants, "You must appeal unless the judgment complained of is absolutely void"; and all presumptions will be indulged in favor of the validity of a judgment and of a judicial sale thereunder. Unless the record of the case in which the judgment attacked was rendered affirmatively shows that the court was without jurisdiction or for some other indubitable cause, the judgment is void, it will be upheld.

In this view of the matter the evidence appearing in the depositions taken in the appellant's behalf was all incompetent, and for that reason was properly disregarded by the circuit court. In other words, there was no such affirmative showing made by the record in this or the former action as conduced to prove the judgment complained of void. Even if it be conceded that appellant was not legally served with process in that case or that the court without a legal service of process improperly appointed a guardian *ad litem* for him, the fact that the guardian *ad litem* was appointed and that he made defense for appellant by filing answer for him prevents us from declaring the judgment void. Appellant's only remedy was an appeal, of which he admittedly did not avail himself. It is, therefore, unnecessary for us to decide whether an appeal would or should have resulted in a reversal of the judgment. If the policy of the law were not as we have here announced it, there would be no security in titles or protection in records.

Appellant has shown no cause for the reversal of the judgment in the instant case. Hence, it must be and is affirmed.