# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Collier v. Peninsular Fire Insurance Company of America.

(Decided June 20, 1924.)

### Appeal from Martin Circuit Court.

1. Judgment—Judgment Cannot be Treated as Void Unless it so Appears on Face of Record.—One may not treat as void judgment of court of general jurisdiction unless invalidity appears on face of record.

2. Judgment—Plea in Avoidance of Former Judgment a Collateral Attack.—A plea in avoidance of a plea in bar of a former judgment upon same policy of insurance operated as a collateral attack on a judgment.

3. Judgment—Collateral Attack Will Not be Upheld for Mere Irregularity in Judgment or for Fraud Not Apparent on Face of Record.—If there be mere irregularity shown in face of record, or if there be extraneous facts, such as fraud, not appearing upon face of record, collateral attack upon a judgment of a court of general jurisdiction will not be upheld, but it must be set aside or annulled by appeal or in direct proceeding for that purpose.

C. B. WHEELER for appellant.

HITE H. HUFFAKER and Z. WELLS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

On July 7, 1921, appellant entered into a contract of insurance with appellee whereby the latter insured her dwelling-house for one year against loss or damage by fire, in the sum of $1,500, and also insured in the sum of $700 her personal property in the dwelling-house against such loss.

On the 19th of July, 1921, as alleged, the house and its contents were totally destroyed by fire, and on the 17th of October, 1921, appellant instituted her action on such policy, and asked for judgment against defendant by reason of such contract of insurance in the sum of $2,200.

Summons purporting to be signed by the clerk of the circuit court was issued, and thereafter executed upon defendant as shown by the return by delivering a copy thereof to its agent Ward in Martin county, it being recited therein that he was the only agent of defendant found in that county, and that none of the chief offices of defendant were found therein.

Thereafter at the April term, 1922, the defendant failing to answer or make defense, a default judgment in favor of plaintiff was entered for $2,200, together with interest thereon.

Thereafter the plaintiff, conceiving that judgment to be void, and without effort to collect the same so far as this record discloses, brought this second action on the same policy of insurance against the same defendant, and in the same court. The defendant appeared in the last named action and filed a plea in bar wherein it sets up the institution of the former action on the same policy and the same cause of action, and copies in its plea the petition in the former action and the judgment entered therein at the April term, 1922. It alleges that the former action embraced and was concerning the same subject matter, presented the same cause of action, and was between the same parties, and the judgment entered therein was a final judgment as between the parties thereto, and a bar to the prosecution of the present action.

The plaintiff demurred to the plea in bar, which was overruled, and then filed its plea in avoidance by way of reply wherein it denied the existence of the former suit or the existence of the former alleged judgment, this being upon the theory that the whole former proceeding was void. In a separate paragraph it is alleged that plaintiff did attempt to file the former action on the policy, and that the petition was prepared and taken to the circuit court clerk's office, but the clerk being absent one Maynard, an attorney practicing in that court, was in the office and same was delivered to and received by him and marked filed, and the clerk's name signed by him to such endorsement; that Maynard then issued a

summons upon the petition and signed thereto the clerk's name, and same was placed in the hands of the sheriff and executed upon George Ward, an agent of defendant. That at a subsequent term of court judgment was taken against the defendant by default for the amount claimed in the petition.

To this last named paragraph of the plea in avoidance a demurrer was filed and sustained, and the court upon hearing evidence adjudged that the former suit had been filed as set out in the plea in bar, summons issued thereon and served upon George Ward as agent of defendant in Martin county, and that judgment was entered upon said petition and summons, and upon that finding of facts, and the further fact that defendant in this action is pleading and relying upon that suit and judgment as a bar to the prosecution of this suit, it was adjudged that the judgment entered at the former term in the first action was a bar to this action, and the plaintiff's petition was dismissed. To this action the plaintiff excepted, and defendant excepted to so much of the judgment as attempted to or does hold the former judgment valid, or as attempts to cure any irregularity therein, or to prevent defendant from raising questions as to such validity or irregularity hereafter. But defendant prosecutes no cross-appeal.

The only question then is the correctness of the court's ruling in sustaining the demurrer to the second paragraph of the plea in avoidance, and its dismissal of the second petition.

One may not treat as void the judgment of a court of general jurisdiction unless there appears upon the face of the record itself something which makes it so. The petition in that first case on its face appears to have been regularly filed by the clerk of that court; the summons on its face appears to have been regularly issued by the clerk of that court, and the return on the summons appears to have been executed by the sheriff of Martin county on an agent of the defendant in Martin county. The default judgment appearing upon the record is regular on its face and appears to have been entered after the service of such summons and upon the failure of defendant to answer or make defense. There was nothing upon the face of the record to show that the judgment or any essential step necessary to its entry was so defective as to make it void.

Defendant is a foreign insurance company, and under the provisions of section 631, Ky. Stats., before it is authorized to do business in this state it was required to file with the commissioner of insurance a resolution adopted by its board of directors,

> "Consenting that service of process upon any agent of such company in this state, or upon the commissioner of insurance of this state, in any action brought or pending in this state, shall be a valid service upon said company."

Upon the face of the record Ward was the agent of defendant, and if there were any extrinsic facts or any fraud not appearing upon the face of the record which affected the validity of this judgment, or any of the proceedings leading up to it, they are not to be seen from the face of the record. It results therefore that the plea in avoidance of the plea in bar operated as a collateral attack upon the judgment of a court of general jurisdiction, for not only is the judgment on its face regular, but all proceedings leading up to the entry of that judgment appear likewise to have been regular.

Unless the record in the action where the judgment is entered affirmatively shows either that the court had no jurisdiction to enter it, or that for some other reason it was void, it will be upheld as against a collateral attack. If there be mere irregularity shown in the face of the record, or if there be extraneous facts, such as fraud, not appearing upon the face of the record, a collateral attack will not be upheld, but the party must appeal from the judgment or must bring his direct action to have it cancelled or set aside. As long as the judgment remains on the record, and the proceedings upon which it is based are regular on their face, it must be set aside or annulled either by an appeal as provided by law, or in a direct proceeding for that purpose as prescribed by our Code. Ratliff v. Childers, et al., 178 Ky. 102; Crider v. Southerland, et al., 186 Ky. 7; Johnson v. Carroll, 190 Ky. 689; Bamberger v. Green, 146 Ky. 258; Baker, et al. v. Baker, 162 Ky. 683; Com. v. Harkness, Admr., 181 Ky. 709.

As appellee has not prosecuted a cross-appeal raising the questions presented by its exceptions to the judgment of the lower court, it is unnecessary to consider them.

Judgment affirmed.