## Mitchell Machine & Electric Company v. Sabin, et al.

(Decided February 15, 1927.)

### Appeal from McCracken Circuit Court.

1. Judgment—Orders and Decrees of Court Having Jurisdiction of Subject-Matter and Parties are Not Subject to Collateral Attack.— Where court has jurisdiction of subject-matter and parties to action, its orders and decrees are not subject to collateral attack.

2. Receivers—Order Appointing Receiver Cannot be Attacked in Independent Action to Recover Damages for Failure Properly to Carry Out Receivership.—Order appointing corporate receiver held not subject to collateral attack, in that corporation was not insolvent and that appointment was collusive, in suit for damages, for failure to properly carry out receivership, where it was not alleged that court did not have jurisdiction of parties or of subject-matter, and plaintiff had appeared in receivership proceedings and made certain motions.

3. Receivers—Creditor Joining in Receivership Proceeding Held Not Liable to Another Creditor for Failure of Receiver to Pay Royalties Causing Termination of Lease.—Creditor, filing answer and joining in prayer for receivership of corporation, held not liable to another creditor for acts of receiver in omitting to pay royalties to lessor resulting in termination of corporate lease; receiver being agent collectively; not individually, for parties interested, and being presumed to act with sanction and approval of court, in absence of allegation to contrary.

EDGAR T. WASHBURN for appellant.

FERGUSON & WELLS for appellee.

Opinion of the Court by Chief Justice Clay—Affirming.

In an action brought in the Livingston circuit court by the Ohio Kentucky Fluorspar & Lead Corporation against the Bank of Smithland, R. H. Sabin was appointed receiver and gave bond in the sum of $25,000.00 with the Fidelity & Deposit Company of Maryland as surety for the faithful performance of his duties.

On February 6, 1925, this action was brought by S. E. Mitchell, doing business under the firm name of Mitchell Machine & Electric Company, for the use and benefit of all the creditors of the Ohio Kentucky Fluorspar & Lead Corporation against R. H. Sabin and the Fidelity & Deposit Company of Maryland, both non-residents, and the Bank of Smithland, to recover damages in the sum of $25,000.00 for the failure of Sabin as receiver to pay the royalties due on the lease under which the Ohio Kentucky Fluorspar & Lead Corporation was operating, and thereby causing the lease to be cancelled, and for his failure to pay into court the full amount of money received by him from shipments of fluorspar. It is said in briefs that the action was removed to the United States court for the western district of Kentucky, but on motion of plaintiff the cause of action against Sabin and the Bank of Smithland was remanded to the state court. It is conceded that no cause of action was originally stated against the Bank of Smithland. On the remand of the case an amended petition was filed. The bank's demurrer to the petition as amended was sustained, and the petition was dismissed. Mitchell appeals.

Though Sabin and the Fidelity & Deposit Company of Maryland are made parties to the appeal, they were not before the court below, and are not now before this court. On the contrary, the only appeal is from the judgment dismissing the petition as to the Bank of Smithland.

It appears from the original petition that the Ohio Kentucky Fluorspar & Lead Corporation was operating under a lease from the North American Fluorspar & Lead Corporation, and that Sabin as receiver failed to pay the royalties due the lessor, with the result that the lessor brought suit to cancel the lease, and the lease was cancelled. The allegations of the amended petition may be summarized as follows: The Bank of Smithland entered into a collusive agreement with the agent of the

Ohio Kentucky Fluorspar & Lead Corporation for the appointment of a receiver, and in order to carry out said agreement the bank filed its answer, joining in the prayer for the appointment of a receiver and recommending and indorsing Sabin, although it knew that he was an employee of the corporation and was prohibited by law from acting as said receiver. It was also known to the Bank of Smithland that a receiver was unnecessary, as the assets of the corporation were far in excess of its liabilities, and that the mining machinery and lease could be sold for more than the outstanding indebtedness. All these conditions were known to the bank, and the bank entered into the collusive agreement with the agent of the corporation and conspired with the corporation for the appointment of a receiver for and with the express purpose and understanding that the receiver would pay the bank the amount of its judgment held against said corporation out of money earned by the operation of the mines under the receivership, and would prefer the bank's claim to the exclusion of all other claims. The bank knew of all the duties required of Sabin as receiver, and had full knowledge of the terms and conditions of the lease held by the corporation. It further knew that Sabin was not performing his duties as receiver as required by the order appointing him, and that Sabin had not paid the royalties due under the lease, and that his destructive manner of operating the mine and his failure to pay the royalties would at the option of the lessors vacate the lease and thereby deprive the creditors of the corporation of the largest and most valuable asset. Notwithstanding these facts the bank did not take any steps whatever to remove Sabin or to require him to pay the royalties due on the lease, but suffered him to continue to operate, mismanage and damage the mine and to apply the funds derived from its operations to the payment of debts and claims not authorized by law. By reason of these things, and as a result of their collusive agreement each with the other, Sabin incurred an indebtedness and court costs of approximately $12,000.00, thereby damaging plaintiffs in the sum of approximately $12,000.00. During the time that Sabin operated said mines there came into his hands several thousand dollars, and said money was kept on deposit in the Bank of Smithland. In confirming and carrying out said collusive agreement Sabin paid the Bank of Smithland the sum of money upon

said bank's judgment, which had not been accounted for by him in his report filed in the consolidated actions. By reason of these things plaintiffs were damaged in the sum of approximately $12,000.00.

It is elementary law that where the court has jurisdiction of the subject matter and the parties to the action, its orders and decrees in the suit are not subject to collateral attack. Hence, if the court appointing a receiver of a corporation has jurisdiction of the subject matter and the parties, the order appointing him can not be questioned collaterally, no matter how erroneous it may be. Commercial National Bank of Burch, 141 Ill. 519, 33 Am. State Reports 331, 31 N. E. 420; Tardy's Smith on Receivers, vol. 1, sec. 46; Smith on Receiverships, pages 67 and 68. In this action it is not alleged that the court did not have jurisdiction of the parties or of the subject matter. Appellant admits that he intervened in the receivership proceedings and made certain motions. If he desired to raise the question that the corporation was not insolvent or that the appointment of Sabin was improper or collusive, he should have done so in that action. Not having done so, the order of appointment, which has never been vacated by the Livingston circuit court or set aside on appeal, is conclusive, and the propriety and collusiveness of the appointment can not be questioned in a separate and independent action like this.

With the charge of collusion eliminated the case is simply one where the Bank of Smithland, a creditor of the corporation, filed its answer and joined in the prayer for the receivership. It did this, of course, for the purpose of protecting its rights, and acted just as any other creditor would have done. Though a receiver appointed by the court acts as receiver for all the parties interested, he is not the agent for the parties in the sense that each one of them is responsible for his acts. City Savings Bank v. Carlon, 87 Neb. 266, 127 N. W. 161. Therefore, if the receiver did mismanage the affairs of the corporation, the Bank of Smithland was no more responsible for his action than appellant, who is also a party to the proceeding. We may also add that it was nowhere alleged that Sabin disobeyed any order of the court, or that he did anything not embraced in the orders of the court. It must be presumed, therefore, that every step that he took was with the sanction and approval of the court, and that

if he paid the bank any money it was authorized by an order of the court.

It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.