## Hays, et al. v. Adams, et al.

(Decided May 24, 1927.)

Appeal from Lawrence Circuit Court.

1.  Evidence.—In suit to recover land and quiet title, it is presumed that master commissioner, in executing deed under judgment of foreclosure, performed his duty.

2.  Vendor and Purchaser.—Purchasers of property take it with knowledge of mortgages executed thereon which have been recorded.

3.  Judgment.—Suit by former owner for recovery of land and quieting title, on ground that sale and deed pursuant to judgment of foreclosure were void, held to involve "collateral attack" on judgment which could not be maintained.

4.  Judgment.—Unless court's want of jurisdiction appears on record, domestic judgment, rendered in court of general jurisdiction, is not subject to collateral attack.

5.  Judgment.—Judgment of foreclosure against joint makers of note was not required to be revived to render sale thereunder after death of one of makers valid, where deceased co-maker had no interest in land at time of death, having parted with title thereto.

6.  Adverse Possession.—Possession of former owner, after mortagee's purchase of property under judgment of foreclosure with such purchaser's permission, held not to constitute "adverse possession."

JOHN W. WOODS and C. F. SEE, JR., for appellants.

M. S. BURNS, CAIN & THOMPSON and FRED M. VINSON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The original petition, filed by appellants in the lower court, alleged the ownership in them of three tracts of land in Lawrence county, described by metes and bounds. After alleging the ownership of the land, it is alleged that the appellees Monroe Adams and M. S. Burns, by force and arms, entered upon the land described, went into a dwelling house located thereon in the absence of appellants, threw out their household goods, and took possession of said land without right, to the damage of appellants in the sum of $1,000. The record in a former suit, wherein M. S. Burns was plaintiff and Andrew Hays defendant, is made a part of the petition. This record disclosed that Burns instituted a suit against Andrew Hays, W. M. Hays, and others to recover $300, evidenced by a promissory note and secured by a mortgage on 88 acres of land. The mortgage is filed as an exhibit with the pe-

tition. Judgment was entered by default on the 15th day of June, 1917, and an order directing a sale of the land to satisfy the debt. The report of the commissioner, showing the sale of the land and its purchase by M. S. Burns, is in the record.

The original petition in this action was verified in April, 1923. There is no order showing when it was filed. On April 19, 1923, an amended petition was filed by appellants, in which it was sought to make allegations attacking the sale and proceedings in the suit of Burns against Hays et al. It is alleged that the report of sale in said action was made without the knowledge and consent of appellants and for that reason was illegal and void; that the judgment obtained by Burns against Hays and others had been fully paid off and satisfied before the sale was made; that the sale was made without its having been advertised and without an appraisement; that Andrew Hays, who executed the mortgage to secure the payment of the note, died before the sale was made, but after the judgment had been entered; and that there was no revivor of the action against his heirs. The prayer was that the report of sale be set aside, and that the order directing a deed to be made to M. S. Burns be set aside, and that it be adjudged that the appellants were the owners of the land described in the original petition.

In May, 1924, another amended petition was filed in which Lila Adams was made a party defendant. This amended petition again attacks the deed executed to M. S. Burns by the master commissioner, executed pursuant to the sale aforesaid. It is alleged that the land was purchased by Burns at the commissioner's sale for $279, when it was worth from $3,000 to $4,000. It is further alleged in the second amended petition that M. S. Burns had sold a part of the land to the appellee Monroe Adams and the remainder of it to the appellee Lila Adams, and that these deeds were a cloud upon the title of W. M. Hays and his wife, Camley, who were the owners of the land under a deed executed to them by Andrew Hays. The prayer is that all of the deeds be set aside, and that the appellants recover $2,000 in damages.

Monroe Adams and M. S. Burns filed their answer to the original petition and the first amended petition, which was traversed. Later they, with Lila Adams, filed their joint answer to the second amended petition, the first paragraph of which is a traverse, and in the second paragraph it is alleged that on the 2d day of Feb-

ruary, 1914, Andrew Hays and his wife were the owners in fee of the land in controversy, and on said date they executed and delivered to M. S. Burns a mortgage on said land to secure a note for $300 due in twelve months, which mortgage was recorded in the office of the clerk of the Lawrence county court, and that said mortgage was on record at the time appellees. obtained a deed from Andrew Hays and his wife; that on the 15th day of December, 1916, M. S. Burns filed suit for his debt and sought the foreclosure of his mortgage; that a decree and order of sale was entered directing the sale of the land, and that it was sold by the master commissioner and purchased by M. S. Burns; that the report of sale was confirmed in February, 1922, and an order entered directing a deed to be executed to M. S. Burns, and that said deed was accordingly executed; that thereafter Burns sold the land to Monroe Adams and Lila Adams.

Considerable proof was taken, and the lower court, after a consideration of all the proof and the pleadings in the case, entered a judgment dismissing the petition. Nearly all of the proof is directed towards establishing that the judgment obtained by Burns against Hays had been discharged before the sale of the land. The proof fails to show that any payments had been made for which no credit had been given. The note on its face calls for 10 per cent. interest annually, and this large rate of interest consumed the payments which had been made, except $78.45. No claim is made by reason of usury. There is proof which tends to show that J. N. Marcum paid $150 on this note, and such appears to have been his intention at the time the payment was made, but thereafter this credit was eliminated. Marcum had purchased some of the land covered by the mortgage, and he was endeavoring to get the lien released against his land, but things did not work out as intended, and Burns paid this money to some one else, in accordance with an agreement between him and Marcum. The appellees had nothing to do with this $150 payment.

The judgment under which the land was originally sold was entered in 1917, and it was four years or more thereafter before the sale was made. No answer was filed and no step was taken by appellees or any other party to said suit to protect or assert any right which they now claim in this action. No exceptions were filed to the report of sale. Nothing was done until after

Burns had purchased the land at the sale, and had obtained his deed long thereafter, and had conveyed the property to other parties. Monroe Adams paid the amount still owing to Burns on the judgment as full consideration for the land which was conveyed to him, and Lila Adams paid $100 for the remainder of the land purchased by Burns at the sale. If Burns was seeking to make money at the expense of some one else in these transactions, it appears that he did not carry out his plans. Lila Adams, to whom the remainder of the land was conveyed, was a daughter of Andrew Hays, who executed the mortgage, and a sister to W. M. Hays, one of the appellants.

Counsel for appellants argue that the judgment of the lower court should be reversed because (1) the debt of M. S. Burns was paid prior to the time of the sale by the master commissioner; (2) the sale was void because the action was not revived after the death of Andrew Hays; (3) the sale was void because the land was not appraised; (4) that there was no order directing the execution of a deed to Burns or approving the deed after it was executed; (5) the deed was void because appellees were in possession of the land at the time it was sold.

The deed executed by the master commissioner to Burns is in the record and shows on its face that it was approved by the court. There is a judgment and order of sale, and the presumption is that the master commissioner did his duty, which disposes of the other grounds urged by appellants against the legality of the proceedings. The deed which was executed to Burns by the master commissioner shows on its face that a judgment was entered in 1917 directing the master commissioner of the court to sell the lands described in the petition in the suit of Burns against Hays at public auction to the highest and best bidder. The deed shows that, pursuant to said order, the sale was made on the 15th day of November, 1920, and that M. S. Burns became the purchaser for the sum of $279.20. The deed also shows on its face that a report of sale was made and thereafter confirmed at the February term, 1922, and at the same term an order was entered directing the master commissioner to execute a deed of conveyance to Burns. The deed shows that it was acknowledged by the commissioner and was examined and approved in open court on the 5th day of May, 1922, by the judge of the Lawrence circuit court.

The certificate of acknowledgment made by the clerk shows that it was acknowledged by the commissioner and approved by the court. The deed was recorded on the 6th day of June, 1922.

It may be that some of the grounds urged against the validity of the proceedings have some merit, if they had been made at the proper time in proper proceedings.

When W. M. Hays and Camley Hays purchased the land from Andrew Hays, the mortgage which Andrew Hays had executed to Burns was on record, and they took it with the knowledge of that fact.

Taking into consideration all the pleadings and proof in this action, we are convinced that it was an attempt to set aside the deed made to Burns pursuant to judgment entered in his behalf. Such being true it was a collateral attack, and could not be made in the way attempted. Ratliff v. Childers et al., 178 Ky. 102, 198 S. W. 718; Combs et al. v. Deaton et al., 199 Ky. 477, 251 S. W. 638. A domestic judgment rendered in a court of general jurisdiction may not be attacked collaterally unless want of jurisdiction appears on the record, and, as this case is a collateral attack on a domestic judgment of a court of general jurisdiction, the appellants have no standing in court. Ratliff v. Childers, supra; Combs v. Deaton, supra; Potter v. Webb et al., 186 Ky. 25, 216 S. W. 66: Collier v. Peninsular Fire Insurance Company of America, 204 Ky. 1, 263 S. W. 353; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412.

Appellants made the basis of their action the recovery of the land and the quieting of their title thereto, and they could not succeed without overturning the proceedings in the suit of Burns against Hays.

The attack made upon the sale because the judgment in favor of Burns was not revived does not impress us as having any merit. The record does not certainly disclose when Andrew Hays died, but it is established that his death occurred in the summer of 1921, after the sale of the land was made in February, 1921. The sale was not confirmed until February, 1922. The appellant W. M. Hays was a judgment defendant in the Burns judgment, as he was a joint maker of the note. He was the owner of the land in controversy, subject to the mortgage, for more than one year prior to the death of his father. As his father, Andrew Hays, had parted with his title to the land, and as the appellant W. M. Hays was the owner of the land subject to the mortgage, we see no

reason why there should have been a revivor of the judgment against Andrew Hays He had no interest in the sale of the land at the time of his death.

After Burns purchased the land, he allowed W. M. Hays to remain in the possession of a house for some time thereafter, but the evidence is not satisfactory, and in fact we think it wholly fails to show that W. M. Hays was in the adverse possession of the land at the time Burns executed the deed to Monroe Adams. Burns could have obtained a writ of possession against him at any time after the report of sale was confirmed. He was not holding adversely to Burns. His contention that he was in the adverse possession of the land at the time of the execution of the deed to Monroe Adams cannot be sustained.

The judgment is affirmed.