## Perry Mercantile Company v. Miller.

(Decided February 21, 1930.)

WILLIS W. REEVES for appellant.

J. K. P. TURNER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On the 20th day of April, 1927, the Perry Mercantile Company, the appellant herein, brought suit against Andy Miller, the appellee in this suit, to recover for goods, wares and merchandise theretofore sold him by it, and in that action it alleged in its petition that Miller was about to depart from this state with the intent to defraud his creditors; that he had concealed and removed practically all of his property and so much thereof that the processes of the court after judgment could not be executed; that he had sold, conveyed, and otherwise disposed of his property and permitted it to be sold, conveyed, and otherwise disposed of with the fraudulent intent to cheat, hinder, and delay his creditors; and that he did not have enough property in this state subject to execution to satisfy the company's demand, and that the collection of that demand would be endangered by any delay in obtaining a judgment and a return of "no property found." On these allegations the Perry Mercantile Company asked in that suit for a general order of attachment against the property of Miller and also for an order for his arrest in accordance with the provisions of section 152 et seq. of the Civil Code of Practice. Although the appellant in its brief in this case says that the petition to which we have just referred was verified, the record not only fails to support that statement, but on the con-

trary affirmatively discloses that the petition was not verified. No affidavit in support of the motion for the order of arrest or general order of attachment was filed when the petition was filed, but the Perry Mercantile Company executed the necessary bond, and the clerk of the circuit court issued the general order of attachment and the order of arrest, both of which were duly served. Nothing of any value was levied upon under the general order of attachment, but Miller was arrested under the order of arrest and conveyed to the Perry county jail, where he remained for five days before he secured his release. After notice duly served, Miller moved the court to discharge and vacate the order of arrest. Although it is not a part of the record brought to this court in the case now before us, we are informed by the brief herein of his attorney that Miller also filed an affidavit controverting the grounds upon which the order of arrest issued. Two days after the order of general attachment and order of arrest had issued and been served, the appellant did file an affidavit reiterating in part the allegations set out in the petition as grounds for those orders. When Miller's motion to vacate the order of arrest came on to be heard, the court held that, because of the lack of an affidavit at the time the order of arrest was issued, such order was void, and he discharged Miller from custody. Miller paid no more attention to the suit which had been filed against him by the Perry Mercantile Company, and in due course of time a default judgment was entered against him. This judgment not only awarded the company the sum for which it prayed, but also adjudged that the general order of attachment granted in that suit and ''each and all of the grounds for said attachment as alleged by plaintiff in its petition in equity herein be and the same are in all things sustained.'' This judgment has never been reversed, vacated, modified, or set aside, and is still in effect. Miller thereafter brought this suit against the Perry Mercantile Company. The petition is broad enough to cover a claim for false imprisonment as well as a claim for the malicious prosecution of a civil action. On a motion by the company to require Miller to elect which cause of action he would prosecute, he elected to prosecute his claim for the malicious prosecution of a civil action. The answer as amended of the company first traversed the

lack of probable cause and allegation of malice in the prosecution of the suit wherein it had obtained the order of arrest under which Miller had been incarcerated and secondly, pleaded affirmatively as a bar to Miller's cause of action the judgment in the suit to which reference has been made, and particularly that part sustaining the grounds alleged for the general order of attachment. The court overruled the demurrer to this answer as amended, and thereupon its affirmative allegations were controverted of record. The parties went to trial, and, although the records of the court in every way and without dispute supported the allegations in the answer, as amended, concerning the judgment relied upon as a bar to this suit, the court overruled the company's motion for a peremptory instruction and submitted the case to the jury, which found a verdict in behalf of Miller in the sum of $500. From the judgment entered thereon this appeal is prosecuted.

Many grounds are urged for a reversal of the judgment, but, being of the opinion that the lower court correctly overruled the demurrer to the answer as amended, and hence erred when he failed to sustain appellant's motion for a peremptory instruction after the proof had sustained without contradiction, the allegations of the answer as amended, we need not discuss or inquire into the merits of these other grounds.

In the case of Turner v. Deaton, 220 Ky. 154, 294 S. W. 1063, we had occasion to examine into the rule of res adjudicata, and we there said that this rule means that, where a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no fact or question that was thus litigated or could have been litigated can thereafter be relitigated by the same parties or their privies. In the suit which the Perry Mercantile Company brought against Miller to recover for the goods, wares, and merchandise sold him, it was adjudged that each and every fact alleged upon which the order for a general attachment issued was true. Now every fact alleged in the petition in support of the motion for the order of arrest also supported the motion for the general order of attachment, and hence, when the court sustained the grounds for the general order of attachment, he necessarily found as true the facts alleged upon which the order of arrest issued. It is argued, however,

that the judgment to this extent was void, since the appellee in that suit had controverted the facts alleged in support of the order of arrest and no proof was offered by the Perry Mercantile Company to substantiate them. Waiving the question that the affidavit controverting these facts is not in this record, and assuming it to be there, we must yet hold that its presence in that suit did not make that judgment void, but, at the worst, merely erroneous, since the court had jurisdiction of the subject-matter of the action, of the parties and of the particular issue to be determined. See Mitchell Machine & Elec. Co. v. Sabin et al., 218 Ky. 289, 291 S. W. 381; Hays et al. v. Adams et al., 220 Ky. 196, 294 S. W. 1039. A judgment which is merely erroneous cannot be attacked collaterally as appellee seeks to do here. As the judgment under discussion concludes as between the parties to this litigation the verity of the allegations in support of the order of arrest, then the appellant in instituting the suit it did against Miller, and obtaining the order of arrest, had probable cause as a matter of law for so doing. This is not an action for false imprisonment or one for the wrongful issuance of an attachment, but is one for the malicious prosecution of a civil action. The appellee cannot recover in such an action unless he shows the appellant instituted its suit against him and obtained the order of arrest without probable cause, and since, as we have seen, the facts which constituted that probable cause have been conclusively decided in favor of the appellant, it follows that the court should have peremptorily instructed the jury to find for the appellant.

The judgment is reversed for proceedings consistent with this opinion.